566 So.2d 1315 (1990)
LEON COUNTY, Petitioner,
v.
J. Gwynn PARKER and Clarice P. Cale, As Personal Representatives of the Estate of Eunice P. Anderson, Deceased, and Century Development of Tallahassee, Inc., Respondents.
LEON COUNTY, Board of County Commissioners of Leon County, and Tallahassee-Leon County Planning Commission, Petitioners,
v.
EMERALD ACRES INVESTMENTS, INC., Respondent.
Nos. 90-1265, 90-1274.
District Court of Appeal of Florida, First District.
August 2, 1990.
On Denial of Rehearing September 18, 1990.
David LaCroix of Pennington, Wilkinson, Dunlap & Camp, Tallahassee, for petitioners.
M. Stephen Turner of Broad & Cassell, Tallahassee, for respondents in No. 90-1265.
Frank P. Rainer of McFarlain, Sternstein, Wiley & Cassedy, P.A., Tallahassee, for respondent in No. 90-1274.
PER CURIAM.
In the above two consolidated cases, the petitioners have petitioned this court for review, by certiorari, of a final judgment entered in each of the two cases.[1] The cases involve very similar applications by developers for approval of preliminary subdivisions plats.[2] The principal issue in the lower court was whether the proposed subdivisions were consistent with Leon County's comprehensive plan adopted in 1981 pursuant to the Local Government Comprehensive Planning and Land Development Regulation Act of 1975 (Sections 163.3161, et seq., Florida Statutes).
In each of the cases, the Tallahassee-Leon County Planning Commission denied *1316 the respondents' application, stating that the proposed subdivision was too dense when compared with other subdivisions in the area, thus violating provisions in the comprehensive plan relating to compatibility. The Planning Commission also determined that each of the proposed plats was inconsistent with comprehensive plan policies promoting compact urban growth and discouraging urban sprawl.[3]
In both cases, the respondents appealed the Planning Commission's decisions to the Leon County Board of County Commissioners, which upheld the Planning Commission action and denied the applications. As part of its action in upholding the Planning Commission in both cases, the County Commission remanded the matters to the Planning Commission for the Planning Commission to advise the respondents as to how the plats could be corrected to make the proposed subdivisions consistent with the county's comprehensive plan.
In each case, the respondents initiated action in the Leon County circuit court seeking certiorari review of the actions of the County Commission in denying the respective applications. After final hearing of the two consolidated cases, the trial court determined that the denial of the two applications was a departure from the essential requirements of law. The court's rationale was largely predicated upon the fact that Sections 17.1-25(b) and (d) of the ordinance adopting the county's comprehensive plan provided that zoning classifications existing on the date of plan adoption would continue to determine allowable land uses until the zoning was changed.[4] Inasmuch as the A-2 zoning classification for the subject properties had never been changed, and since the proposed subdivision plats were consistent with such zoning classification, the court determined that the subdivisions were consistent with the comprehensive plan. The court, therefore, held that the denials of the proposed plats, based upon inconsistency with the comprehensive plan, were erroneous.
We do not reach the merits of this determination because we find that the trial court should have granted the petitioners' motion to dismiss filed in each case for failure of the respondents to comply with the provisions of Section 163.3215, Florida Statutes (1989). That section provides in pertinent part:
(1) Any aggrieved or adversely affected party may maintain an action for injunctive or other relief against any local government to prevent such local government from taking any action on a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part.
(2) "Aggrieved or adversely affected party" means any person or local government which will suffer an adverse effect to an interest protected or furthered by the local government comprehensive plan, including interests related to health and safety, police and fire protection service systems, densities or intensities of development, transportation facilities, health care facilities, equipment or services, or environmental or natural resources. The alleged adverse interest may be shared in common with other members of the community at large, but shall exceed in degree the general interest in community good shared by all persons.

*1317 (3)(a) No suit may be maintained under this section challenging the approval or denial of a zoning, rezoning, planned unit development, variance, special exception, conditional use, or other development order granted prior to October 1, 1985, or applied for prior to July 1, 1985.
(b) Suit under this section shall be the sole action available to challenge the consistency of a development order with a comprehensive plan adopted under this part.
(4) As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of setting forth the facts upon which the complaint is based and the relief sought by the complaining party. The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken. The local government receiving the complaint shall respond within 30 days after receipt of the complaint. Thereafter, the complaining party may institute the action authorized in this section. However, the action shall be instituted no later than 30 days after the expiration of the 30-day period which the local government has to take appropriate action. Failure to comply with this subsection shall not bar an action for a temporary restraining order to prevent immediate and irreparable harm from the actions complained of.
The trial court and respondents construe the above section in such a way as to limit its application to actions instituted by someone other than the applicant where the application has been granted and the granting thereof is claimed to be in contravention of the comprehensive plan. The trial court stated, in the final judgment, "The statute allows aggrieved citizens to challenge a decision approving development. The remedies available to an applicant to challenge the denial by use of certiorari review remain." (e.s.) Such construction is not in conformity with the plain language of the statute.
The term "development order," as used in subsection 1, is a statutorily defined term which means "any order granting, denying, or granting with conditions an application for a development permit." (e.s.) Section 163.3164(6), Florida Statutes (1989). Also, subsection (3)(a) of Section 163.3215 refers to suits "under this section challenging the approval or denial... ." (e.s.)
The issue presented by the respondents' complaints was whether the proposed developments were consistent with the comprehensive plan. Section 163.3215(4) provides that a verified complaint must be filed with the local government as a condition precedent to the institution of a suit raising such issues. This basic condition was not satisfied. The deficiency was properly raised by the petitioners' timely motions to dismiss which, as mentioned above, were denied by the trial court.
The provisions for such a condition precedent seem reasonable and logical. A local government body, such as a county commission, often proceeds in an informal, free-form manner. The action of the Leon County Commission in these cases does not appear to be an exception. Rather than simply deny the respondent's requests in the cases below, the Leon County Commission suggested that the respondents meet further with the Planning Commission in an effort to work out differences. The requirement of Section 163.3215(4) that a verified complaint be filed with the local government prior to instituting suit has the salutary effect of putting such governmental body on notice that it should be prepared to defend its action and will need to create a record to support that action. Indeed, if such procedure had been followed in the instant cases, the disputed matters might well have been resolved without the necessity of court proceedings.
Because the respondent's complaints failed to satisfy the requirements of Section 163.3215, Florida Statutes, the petition for writ of certiorari is granted in each of these cases and the final judgment in each case is quashed. On remand, the trial *1318 court is instructed to dismiss both complaints.
WENTWORTH and ALLEN, JJ., concur.
NIMMONS, J., dissents with written opinion.
NIMMONS, Judge, dissenting.
In my view, as the trial court also concluded, the lawsuit referred to in Section 163.3215(1), Florida Statutes, contemplates one instituted by an aggrieved or adversely affected party in those situations where the local governmental agency has granted the applicant's proposal. If that is so, then the condition precedent provided for in Section 163.3215(4) clearly has no application to those situations where, as in the instant case, the application has been denied. The trial court, therefore, properly denied Leon County's motion to dismiss.

ON REHEARING
PER CURIAM.
The respondents have moved for rehearing. We deny rehearing, but we make one observation.
Emerald Acres Investments, Inc., has asserted in its motion that although it failed to allege compliance with Section 163.3215(4), Florida Statutes, in its complaint, it nevertheless did comply with the requirements of the subsection. As the petitioners acknowledge in their response to the motion for rehearing, our opinion merely requires the trial court to dismiss the complaints in these cases because the respondent's complaints failed to allege satisfaction of the requirements of Section 163.3215, Florida Statutes. Consequently, on remand, the trial court may dismiss the complaints with leave to amend. If the trial court does grant leave to amend, Emerald Acres, Inc., may then file an amended complaint alleging compliance with the statutory condition precedent and have that issue properly before the trial court for resolution.
The motions for rehearing are denied.
WENTWORTH and ALLEN, JJ., concur.
NIMMONS, J., dissents.
NOTES
[1] The two cases were consolidated in the lower court. Although separate final judgments were entered, the two judgments are virtually identical. We have consolidated these cases for opinion purposes. However, counsel for the respective parties will continue to use in any further filings or submissions, such as motions for rehearing, one case style as to each filing or submission.
[2] Case No. 90-1265 involves a 36.92-acre residential development known as "Ashford Glen," and Case No. 90-1274 involves a 44.53-acre residential development known as "Emerald Acres."
[3] It should be pointed out that these two cases travelled through the administrative process separately. They were not considered together at that level.
[4] Section 17.1-25(d), Leon County Code, provides:

(d) Existing zoning. Property which, on the effective date of this article, has a zoning classification which would permit a use or density different from that projected for the property by the plan may nevertheless be developed at any time after the effective date of this article in accordance with the permitted uses and densities of such zoning classification, until such property may be rezoned by the commission. However, all policies in the local government comprehensive plan relating to conservation areas and the provision of adequate facilities and services will be applicable to the development of such property.