596 So.2d 491 (1992)
SPLASH & SKI, INC., a Florida Corporation d/b/a Splash & Ski, Petitioner,
v.
ORANGE COUNTY, Florida, a Political Subdivision of the State of Florida, Respondent.
No. 91-1008.
District Court of Appeal of Florida, Fifth District.
March 27, 1992.
*492 William J. Sheaffer of William J. Sheaffer, P.A., Orlando, for petitioner.
Joel D. Prinsell of the Orange County Legal Dept., Orlando, for respondent.
GRIFFIN, Judge.
In 1963, the Florida Legislature passed the special act that authorized Orange County to plan and zone. Ch. 63-1716, Laws of Fla. Included in this legislation was the authorization for the county to create the Board of Zoning Adjustment as an advisory body to the Board of County Commissioners (the "Board"). A procedure for appeal of an adverse decision by the Board was also contained in the legislation. In essence, it provided that any aggrieved person could file a petition for writ of certiorari to the circuit court "as provided by the Florida Rules of Civil Procedure."[1] The special act described the contents of the record that would go up on review and provided that the circuit court could not conduct a trial de novo. The special act required the filing of the petition within sixty days after the "filing of the ruling by the Board", except that the circuit court might extend the time for filing "for good cause shown."[2] The special act also required the petitioner to file a notice of intention to file a petition for *493 writ of certiorari in the circuit court within ten days after the decision of the Board is filed in the office of the clerk of the Board. Finally, the special act required that the "person filing the petition for certiorari shall immediately serve a copy of the notice of intention to file the petition upon the planning and zoning director."[3] The special act was subsequently amended to change the petition filing deadline from sixty to thirty days and to substitute the Rules of Appellate Procedure for the Rules of Civil Procedure.[4]
In October 1990, petitioner Splash and Ski, Inc. sought a special exception permit from Orange County to operate six ski water craft at "Shooter's Waterfront Cafe" in Orlando. The Board of Zoning Adjustment recommended approval, but the Board of County Commissioners rejected the recommendation and denied the special exception. Petitioner filed its petition for writ of certiorari in circuit court seeking review of the Board's decision within thirty days, invoking jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(c)(3); however, petitioner failed to file the "ten-day notice of intent." The county sought dismissal, contending that the failure to file the notice deprived the court of jurisdiction to review the matter on certiorari. The circuit court agreed and ordered dismissal. Petitioner now seeks certiorari in this court on the ground that dismissal of their petition for lack of jurisdiction was a clear departure from the essential requirements of law. We agree with petitioner, grant the writ and quash the order of dismissal.
Principally, petitioner attacks the constitutionality of the ordinance and special act on the ground that they violate Article V, section 5(b) of the Florida Constitution:
The circuit courts shall have original jurisdiction not vested in the county courts, and jurisdiction of appeals when provided by general law... . Jurisdiction of the circuit court shall be uniform throughout the state. They shall have the power of direct review of administrative action prescribed by general law. (emphasis added).
Petitioner further asserts the special act and ordinance violate Article V, section 2(a) of the Florida Constitution:
The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review. ... These rules may be repealed by general law enacted by two-thirds vote of the membership of each house of the legislature. (emphasis added).
Petitioner also claims that, notwithstanding the existence and validity of the ten-day notice requirement under the special act and ordinance, petitioner also had a right to common law certiorari review of the Board decision, to which the ten-day notice deadline would not apply.[5] Our review of earlier Florida court decisions convinces us that petitioner is correct on this point; accordingly we need not reach the constitutional issues raised.
The distinct spheres of statutory and common law certiorari in zoning cases is well recognized. Yokley, Zoning Law and Practice § 24-9-10 at 151-260 (4th ed. 1979); G-W Dev. Corp. v. Village of N. Palm Beach Zoning Bd. of Adjustment, 317 So.2d 828 (Fla. 4th DCA 1975). The most common distinction is that the scope of review is greater (or potentially greater) in statutory certiorari, whereas common *494 law certiorari more narrowly limits review to whether the challenged order was entered according to law. Yokley, supra, § 24-11 at 260. In the present case, there is no express difference in the scope of review, whether under the special act or common law;[6] however, there are several other significant differences between the statutory certiorari procedure and the common law certiorari procedure set forth in the Florida Rules of Appellate Procedure. These include the ten-day notice deadline, the court's power to extend the thirty-day petition filing deadline, the contents of the record and its transmission, and the requirement of service of the notice of intent on the planning and zoning director.
This court has previously considered the effect of the failure to comply with Orange County's ten-day notice deadline in Battaglia Fruit Co. v. City of Maitland, 530 So.2d 940 (Fla. 5th DCA), dismissed, 537 So.2d 568 (Fla. 1988). In that case, one of the petitioners had filed the ten-day notice in Orange County Circuit Court on the eleventh day and had filed the petition on the thirty-fifth day. The Battaglia court explained the relationship of statutory and common law certiorari:
Under the special act establishing the zoning code, the circuit court is not authorized to extend the 10 day period for the filing of the notice of intent. Maitland Association's notice of intent was untimely because it was filed one day late. Whereas the circuit court disregarded this infraction, we are not disposed to take such liberties with a procedural requirement enacted by the legislature. Maitland Association's petition for certiorari was also untimely. The remedy of statutory certiorari is independent and cumulative to common law certiorari. Common law certiorari is available if a statutory remedy fails.
Id. at 942 (citations omitted). In Battaglia, because the absolute thirty-day deadline[7] to file an application for common law certiorari had also not been met, the majority held the petition for certiorari was untimely.
In Grady v. Lee County, 458 So.2d 1211 (Fla. 2d DCA 1984) the appellate court was faced with a similar problem. There, a difference between the filing requirements of common law certiorari and the statutory certiorari provided for in the special act governing planning and zoning in Lee County[8] resulted in the filing of the petition within the deadline for common law certiorari but too late for statutory certiorari. The Second District Court held that nothing in the special act or ordinance could affect the plaintiff's common law right to certiorari review of zoning decisions, and reversed the lower court's dismissal of the petition. See also G-W Development, 317 So.2d at 831. In line with these cases, we hold that common law certiorari was available to petitioner to seek review of the Board's decision when it filed its petition within thirty days after the Board's decision was filed, even though it had failed to meet the ten day "notice of intent" deadline necessary to seek statutory certiorari.
If the existence of Orange County's statutory certiorari procedure were to preclude review by common law certiorari, the petitioner's argument that the unique requirements of Orange County's special act violate the Florida Constitution would have to be seriously considered. In Orange County, failure to file a "notice of intent" in circuit court within ten days after an adverse decision deprives the court of certiorari jurisdiction. In the rest of the state,[9] the certiorari jurisdiction of the circuit court is invoked simply by filing a petition *495 in the circuit court in accordance with the appellate rules within thirty days. In Orange County, thirty days has shrunk to ten days and an additional hurdle has been added.
Our supreme court has decided that certain statutory notice requirements are substantive, not procedural, and create a valid condition precedent rather than an impermissible intrusion into the court's exclusive rulemaking power. Nevertheless, the supreme court has also made it clear that such notice requirements are not jurisdictional. Hospital Corp. of America v. Lindberg, 571 So.2d 446, 448 (Fla. 1990). Even though such a condition precedent is not met, the court does have jurisdiction of the cause; the case is simply subject to dismissal if the condition precedent is not satisfied before the statute of limitations expires. Id.
The statutory "notice" requirement under review here is quite different from those previously considered by the supreme court. This notice requirement is not a condition precedent to accrual of a cause of action. The requirements petitioner had to meet in order to obtain a decision on his application for a special exception were met and petitioner's rights have been determined. What petitioner now seeks is an appellate review of the Board's decision. There are no substantive "conditions precedent" to appellate review  the courts are open to all who follow the appellate rules and pay the filing fee. The state constitution specifically identifies the time for seeking appellate review to be a matter of "practice and procedure." Art. V, § 2(a), Fla. Const.
The notice requirement under review here also does not have the same function as the statutory notice requirements heretofore deemed substantive by the supreme court. The supreme court says the substantive purpose of such pre-suit notice requirements is the promotion of settlement of meritorious claims at an early stage without full adversarial proceedings. Williams v. Campagnulo, 588 So.2d 982, 983 (Fla. 1991). This ten-day deadline does not serve that purpose at all. The main adversarial proceedings (taking of evidence, making a record, fact-finding) have already been concluded. Moreover, under this provision there is no mandated hiatus before a petitioner may file for certiorari; this is an absolute deadline of ten days after the Board's decision. The petitioner can file the required notice on day one after the Board renders its decision and then file the petition on day two.[10]
Finally, it is important that Orange County's ten-day deadline is a circuit court filing requirement. Notice is sent separately to the planning director.[11] In the context of a planning and zoning decision, it is difficult to see how a circuit court filing requirement could be substantive. Since we can conjure up no substantive feature for this filing deadline, we conclude it is a procedural requirement unlikely to be sanctioned by the supreme court.[12]
WRIT GRANTED; ORDER QUASHED; REMANDED.
W. SHARP, and HARRIS, JJ., concur.
NOTES
[1] Orange County's ordinance tracks the language of the special act. Petitioner does not dispute that section 30-46 of the county's ordinances applies in this case.
[2] Like the court in Battaglia Fruit Co. v. City of Maitland, 530 So.2d 940, 943, n. 3 (Fla. 5th DCA), dismissed, 537 So.2d 568 (Fla. 1988), we do not reach the question whether such special provisions of Orange County's statutory certiorari procedure are constitutional. See Board of County Comm'rs of Hillsborough County v. Casa Dev. Ltd., 332 So.2d 651 (Fla. 2d DCA 1976). The legislature has the power to alter jurisdiction only by general law and only where consistent with sections 1 through 19 of Article V of the state constitution. Art. V, § 20, Fla. Const.
[3] Presumably the intent of the ordinance is to require that a copy of the notice of intent be served when the notice of intent is filed in circuit court, but the language used and its placement in the ordinance can also be read to mean that the duty to serve the notice arises upon the filing of the petition.
[4] Ch. 71-795, Laws of Fla.; Ch. 65-1999, Laws of Fla.
[5] For purposes of this case, we need not weigh in on the debate over whether the Board's actions were quasi-judicial or legislative. This case involves a refusal to approve a special exception request  an action generally acknowledged to be quasi-judicial. The right to review a quasi-judicial act by common law certiorari seems clear. See Walgreen Co. v. Polk County, 524 So.2d 1119 (Fla. 2d DCA 1988); see also David LaCroix, The Applicability of Certiorari Review to Decisions on Rezoning, 65 Fla.B.J. 105 (June 1991).
[6] First City Savings Corp. of Texas v. S & B Partners, 548 So.2d 1156, 1158 (Fla. 5th DCA), rev. dismissed, 554 So.2d 1168 (Fla. 1989).
[7] Fla.R.App.P. 9.100(c).
[8] Lee County also had ordinances that tracked the special act.
[9] We are unaware whether any other county presently has a similar notice requirement. We have checked at random other special acts enacted during the same time frame as Orange County. Most provided simply for judicial review within thirty days. Chs. 59-1176 (Citrus County), 61-2728 (Putnam County), 61-2901 (Sumter County), 61-2991 (Washington County), 63-1132 (Bradford County), 63-1563 (Leon County), 63-1822 (Polk County), Laws of Fla. But see Chs. 59-1158 (Broward County), 63-2026 (Volusia County), Laws of Fla.
[10] For that matter, reading the ordinance literally, they can both be filed on the same day.
[11] See note 2, supra.
[12] Judging from the county's response to the petition, which cites to other dismissal orders like the one under review here, this ten-day deadline is an effective procedural trap for those who have not figured out that the requirements for certiorari review by a Florida court can be found in a county ordinance instead of the Florida appellate rules.