601 So.2d 577 (1992)
EMERALD ACRES INVESTMENTS, INC., Appellant,
v.
The BOARD OF COUNTY COMMISSIONERS OF LEON COUNTY; Leon County, a Political Subdivision of the State of Florida; and Tallahassee-Leon County Planning Commission, a Governmental Commission Pursuant to Interlocal Agreement, Appellees.
No. 91-2104.
District Court of Appeal of Florida, First District.
May 18, 1992.
On Motion for Rehearing July 9, 1992.
*578 Frank P. Rainer, McFarlain, Sternstein, Wiley & Cassedy, Tallahassee, for appellant.
David La Croix, Pennington, Wilkinson, Dunlap, Bateman & Camp, Tallahassee, for appellees.
PER CURIAM.
Appellant seeks review of an order denying its petition for writ of certiorari and mandamus. The trial court found that appellant did not comply with the provisions of section 163.3215, Florida Statutes (1989). We agree and affirm.
Appellant filed an application for approval of a preliminary subdivision plat. The Tallahassee-Leon County Planning Commission announced its oral decision to deny the application at its June 15, 1989 meeting, stating that the proposed subdivision was too dense when compared with other subdivisions in the area, thus violating provisions in the comprehensive plan relating to compatibility. The planning commission also determined that the proposed plat was inconsistent with comprehensive plan policies promoting compact urban growth and discouraging urban sprawl. On June 16, 1989, appellant's counsel appealed the decision of the planning commission to the Leon County Board of County Commissioners (Board). At its June 27, 1989 meeting, *579 the Board upheld the planning commission action and denied the application.
On July 25, 1989, the planning commission wrote appellant "in order to comply with Leon County Ordinance Section 18-35(4)(c)." The letter advised appellant that appellant had thirty days to appeal the decision of the planning commission to the Board, but notes: "The letter was not written at the time of the Planning Commission's action [6/15/89] since your representative filed written notice of appeal of that decision on the morning of June 16, 1989. Your appeal was heard by the Board of County Commissioners on June 27, 1989."
Appellant filed a petition for writ of certiorari and mandamus and complaint for declaratory judgment and injunctive relief with the circuit court on July 27, 1989. After hearing, the trial court determined that the denial of the application was a departure from the essential requirements of law. The trial court found that the subdivision was consistent with the comprehensive plan and that the denial of the proposed plat based upon inconsistency with the comprehensive plan was therefore erroneous. On appeal, this Court found that the issue presented by the complaint was whether the proposed development was consistent with the comprehensive plan and that the trial court should have granted the motion of the Board and the planning commission to dismiss for failure of the appellant to comply with the provisions of section 163.3215, Florida Statutes (1989). The matter was remanded with directions to dismiss the complaint. The Court noted that the trial court could grant leave to amend and permit the appellant to file an amended complaint alleging compliance with the statutory condition precedent. Leon County v. Parker, 566 So.2d 1315 (Fla. 1st DCA 1990).[1]
After dismissal of the complaint on remand, appellant filed an amended complaint again raising the issue of whether the proposed development was consistent with the comprehensive plan. Appellant also asserted that all conditions precedent to the institution and maintenance of the action, including the requirements of section 163.3215, had occurred, been satisfied or waived. Specifically, appellant alleged that a verified copy of the complaint had been filed with Leon County on August 24, 1989. The trial court denied the petition for writ of certiorari and mandamus. The trial court noted that the Board affirmed the planning commission's conclusion, that denial of the plat was consistent with the comprehensive plan, at its June 27, 1989 meeting. The trial court found that the verified complaint was filed 58 days after the decision of the Board, in violation of section 163.3215.
Section 163.3215 provides, in pertinent part:
(1) Any aggrieved or adversely affected party may maintain an action for injunctive or other relief against any local government to prevent such local government from taking any action on a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part.
.....
(3) ...
(b) Suit under this section shall be the sole action available to challenge the consistency of a development order with a comprehensive plan adopted under this part.
(4) As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of[2] setting forth the facts upon which the complaint is based and the *580 relief sought by the complaining party. The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken. The local government receiving the complaint shall respond within 30 days after receipt of the complaint. Thereafter, the complaining party may institute the action authorized in this section. However, the action shall be instituted no later than 30 days after the expiration of the 30-day period which the local government has to take appropriate action. Failure to comply with this subsection shall not bar an action for a temporary restraining order to prevent immediate and irreparable harm from the actions complained of.
The trial court correctly determined that appellant failed to timely file a verified complaint with the local government. Appellant argues that the 30-day period for filing the verified complaint does not commence until the County's decision is reduced to writing and sent to the applicant. We reject this argument. Section 163.3215 contains no requirement that the "alleged inconsistent action" be reduced to writing. Appellant has cited no ordinance requiring the Board to reduce its action to writing. Appellant's reliance upon Leon County Ordinance section 18-35 is misplaced. This ordinance requires the planning commission to notify an applicant in writing of its action, apparently to facilitate an appeal of the decision to the Board. We also reject appellant's argument that rules of appellate procedure relating to certiorari and rendition of an order be engrafted by the court upon the statutory cause of action and its limitations upon commencement of proceedings in circuit court. The legislative requirement of filing a verified complaint with the local government within 30 days of the local government's alleged inconsistent action does not require the assistance of court rules designed to determine time periods for seeking review of court rulings.
We also reject appellant's argument that section 163.3215 unconstitutionally infringes on the rule-making authority of the Florida Supreme Court. As recognized in Parker, the legislature had legitimate, substantive reasons for enacting the requirement of filing a verified complaint as a condition precedent to instituting a judicial action:
A local government body, such as a county commission, often proceeds in an informal, free-form manner. The action of the Leon County Commission in these cases does not appear to be an exception. Rather than simply deny the respondent's requests in the cases below, the Leon County Commission suggested that the respondents meet further with the Planning Commission in an effort to work out differences. The requirement of Section 163.3215(4) that a verified complaint be filed with the local government prior to instituting suit has the salutary effect of putting such governmental body on notice that it should be prepared to defend its action and will need to create a record to support that action.
566 So.2d at 1317. Cf. Williams v. Campagnulo, 588 So.2d 982 (Fla. 1991) (Section 768.57, Florida Statutes, requiring notice of intent to file a medical malpractice action, was intended to address a legitimate legislative policy decision relating to medical malpractice and established a process intended to promote the settlement of meritorious claims at an early stage without the necessity of a full adversarial proceeding; statute was primarily substantive and was not an unconstitutional invasion of the court's rule-making authority).
Appellant's argument that the remedy of common law certiorari is still available is without merit. This argument is controlled by the decision in Parker, where the trial court's initial construction of section 163.3215 was rejected:
The trial court stated, in the final judgment, "... The remedies available to an applicant to challenge the denial by use of certiorari review remain." Such construction is not in conformity with the plain language of the statute.
566 So.2d at 1317. The remedy of common law certiorari is not available because the legislature has designated the statutory *581 remedy the sole action available to challenge the consistency of a development order[3] with a comprehensive plan adopted under the Local Government Comprehensive Planning and Land Development Regulation Act. Section 163.3215(3)(b), Fla. Stat. (1989).
AFFIRMED.
BARFIELD and ALLEN, JJ., concur.
KAHN, J., concurs, with written opinion.
KAHN, Judge, concurring.
I agree that appellant has failed to meet its burden of demonstrating compliance with section 163.3215, Florida Statutes (1989). Since this court has already held in Leon County v. Parker, 566 So.2d 1315 (Fla. 1st DCA 1990), that no judicial review is available to appellant absent compliance with section 163.3215(4), we must affirm the circuit court. I suggest, however, that sufficient cause exists to question the propriety of applying the statute to bar the present action.
As stated by the court's opinion, the present case involves an appeal by a landowner from an adverse decision of the Tallahassee-Leon County Planning Commission, which denied the landowner's application for approval of a preliminary subdivision plat.
The record before us indicates that Emerald Acres formally submitted its preliminary plat for approval to the county on May 1, 1989. On May 9, 1989, the county's planning department notified appellant that the Leon County Technical Coordinating Committee would conduct an evaluation of the plat on May 15, 1989. The county further notified appellant that following the Technical Coordinating Committee's review, the county planning commission would meet in joint session with the Technical Coordinating Committee in order to receive technical input relative to the preliminary plat. This meeting was scheduled for June 7, 1989. On May 12, 1989, appellant's engineering consultant firm submitted to the county an environmental analysis for the proposed subdivision. On June 6, 1989, appellant submitted a revision of its proposed subdivision in order to accommodate concerns raised by the Technical Coordinating Committee. On June 14, 1989, Leon County's Chief of Comprehensive Planning submitted to the planning commission information regarding the potential impact of rural development upon agricultural and environmentally sensitive lands. On June 15, 1989, the planning commission met to consider the proposed plat, as noted in the majority opinion. The record contains a partial transcript of that meeting. Following a discussion between the commission and staff, the commission voted to deny the application.
On the very next day, June 16, 1989, appellant notified the full Leon County Commission that it desired to appeal the decision of the planning commission. The county's land use planner notified appellant that the appeal would be considered by the Commission on Tuesday, June 27, 1989. The record indicates that the planning commission then submitted to the members of the County Commission a full evaluation of the Emerald Acres situation. The record on appeal further reflects a transcript of the County Commission meeting of June 27, 1989, at which time the Commission considered appellant's case, as well as input from several members of the public concerning the proposed subdivision. After fairly extensive discussion and comments by various members of the public, and with advice of the county attorney, the Commission upheld the denial of the preliminary plat.[1] Appellant then filed an action in the circuit court.
Turning now to the statute in question, it would be my view, but for Parker, supra, that section 163.3215 could be construed so *582 as not to bar Emerald Acres' right to certiorari review. Viewing the statute as a whole, I believe it was the legislature's intent to allow aggrieved persons, who are not themselves parties to the development order rendered by the local government authority, an avenue to bring a challenge in circuit court. The statute provides for such an action in the following terms:
(1) Any aggrieved or adversely affected party may maintain an action for injunctive or other relief against any local government to prevent such local government from taking any action on a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part.
(2) `Aggrieved or adversely affected party' means any person or local government which will suffer an adverse effect to an interest protected or furthered by the local government comprehensive plan, including interests related to health and safety, police and fire protection service systems, densities or intensities of development, transportation, facilities, health care facilities, equipment or services, or environmental or natural resources. The alleged adverse interest may be shared in common with other members of the community at large, but shall exceed in degree the general interest in community good shared by all persons.
.....
(4) As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of setting forth the facts upon which the complaint is based and the relief sought by the complaining party. The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken. The local government receiving the complaint shall respond within 30 days after receipt of the complaint. Thereafter, the complaining party may institute the action authorized in this section. However, the action shall be instituted no later than 30 days after the expiration of the 30-day period which the local government has to take appropriate action. Failure to comply with this subsection shall not bar an action for a temporary restraining order to prevent immediate and irreparable harm from the actions complained of.
§ 163.3215(1), (2), (4), Fla. Stat. (1989).
I read these sections of the statute as legislatively establishing the means by which an interested person, not a party to the proceedings before the local government body, may seek to vindicate rights that are arguably protected under a previously adopted comprehensive plan. The legislative extension of such a point of entry would presumably aid enforcement of the comprehensive plan, by allowing formal participation by interested groups such as environmentalists and neighboring landowners. It is unclear to me, however, how the purpose of such legislation is served by applying the statute to bar a challenge brought by the landowner to a county commission order denying approval of a subdivision. In cases where the "aggrieved or adversely affected party" is a person or entity who was legally a stranger to the local government proceeding, the provisions of 163.3215(4) requiring presuit notice to the local government make perfect sense. In the present case, however, where the complaining party is the party who was actually before the local government body, I can ascertain no cause from this piece of legislation to require such party to follow the dictates of subsection (4) as a prerequisite to obtaining review, which is essentially of an appellate nature, in the circuit court. Appellant, in arguing its right to certiorari review, concedes that such review is necessarily of a limited nature, and would not afford the latitude that is now provided by a de novo proceeding under section 163.3215. See Gregory v. City of Alachua, 553 So.2d 206 (Fla. 1st DCA 1989).
The Florida Constitution has always vested common law certiorari jurisdiction in the circuit courts. G-W Development Corp. v. *583 Village of North Palm Beach Zoning Board of Adjustment, 317 So.2d 828 (Fla. 4th DCA 1975). In the area of land use regulation pursuant to a properly adopted comprehensive plan, the legislature has now seen fit to establish a statutory cause of action providing de novo review to a party aggrieved or adversely affected by a local government development order. Emerald Acres has lost the right to take advantage of this statutory cause of action, because it has not complied with the presuit notification procedures. Such conclusion does not, however, seem to compel the finding that Emerald Acres has forfeited any right to review by common law certiorari. See City of Pensacola v. Capital Realty Holding Co., 417 So.2d 687 (Fla. 1st DCA 1982) (unless obvious legislative intent is otherwise, statute should not be construed as altering common law rights). While the new statutory remedy may well be seen as cumulative to common law certiorari, it does not follow that the availability of a more expansive remedy under the statute necessarily abrogates any right to certiorari review of the local government action.[2]
The Fifth District Court of Appeal in Splash & Ski, Inc. v. Orange County, 596 So.2d 491 (Fla. 5th DCA 1992), has recently reaffirmed a landowner's right to common law certiorari review of a county zoning board decision, notwithstanding the fact that the landowner in that case failed to comply with a special act which required it to file a notice of intention to file a petition for writ of certiorari in the circuit court within ten days after the board's decision, and to immediately serve a copy of the notice of intention upon the board's planning and zoning director. Reviewing the applicable case law, the Fifth District agreed with the landowner's contention that "notwithstanding the existence and validity of the ten-day notice requirement under the special act and ordinance, petitioner also (has) a right to common law certiorari review of the board decision, to which the ten-day notice deadline would not apply." 596 So.2d at 493.[3] Returning to the statute in question, I note that the very title of section 163.3215 reads, "Standing to enforce local comprehensive plans through development orders." There can exist no serious dispute that the landowner whose application has been denied has, under any traditional notion, all the standing in the world to pursue review by way of common law certiorari.
*584 The supreme court has held that under the pre-1985 Local Government Comprehensive Planning Act the legislature did not intend to broaden standing beyond "those persons who already have a legally recognizable right which is adversely affected." Citizens Growth Management Coalition of West Palm Beach, Inc. v. City of West Palm Beach, 450 So.2d 204, 208 (Fla. 1984) (construing sections 163.3161-163.3211, Florida Statutes (1981)). In 1985 the Florida Legislature created the statute, section 163.3215, applied today by this court. Ch. 85-55, § 18, Laws of Fla. The procedure thus established, and which controls the outcome of the present case, has been characterized as a "citizen challenge." J. DeGrove and M. Stroud, New Developments and Future Trends in Local Government Comprehensive Planning, 17 Stetson L.Rev. 573, 595-596 (1988) ("One of the unique features of the Growth Management Act is its rather complex provisions for citizen challenges to local plan consistency determinations ... It is difficult to predict if the newly established administrative procedures will further open or further chill citizen activism in the challenge to local government plans, regulations, or orders" (e.s.)).
Thus, the legislature's concern in affording statutory standing under the terms of the statute seems to have been directed toward parties not already possessed of the right to seek judicial review. Because I recognize that my proffered interpretation of the statute is foreclosed by Parker, I concur in the result reached by the court in the present case.

ON MOTION FOR REHEARING
PER CURIAM.
In response to appellant's Motion for Rehearing (with en banc request) and Motion for Certification of Question, we certify to the Florida Supreme Court the following question of great public importance:
WHETHER THE RIGHT TO PETITION FOR COMMON LAW CERTIORARI IN THE CIRCUIT COURTS OF THE STATE IS STILL AVAILABLE TO A LANDOWNER/PETITIONER WHO SEEKS APPELLATE REVIEW OF A LOCAL GOVERNMENT DEVELOPMENT ORDER FINDING COMPREHENSIVE PLAN INCONSISTENCY, NOTWITHSTANDING SECTION 163.3215, FLORIDA STATUTES (1989)?
The motion is otherwise denied.
BARFIELD, ALLEN and KAHN, JJ., concur.
NOTES
[1] The matter was consolidated on appeal with Leon County v. Parker, 566 So.2d 1315 (Fla. 1st DCA 1990), because the two cases involved similar applications by developers for approval of preliminary subdivision plats and similar issues on appeal.
[2] "Local government" means "any county or municipality." Section 163.3164(12), Florida Statutes (1989).
[3] "Development order" is defined to mean "any order granting, denying, or granting with conditions an application for a development permit." "Development permit" is defined to include any subdivision approval. Section 163.3164(6) and (7), Florida Statutes (1989).
[1] Query: Whether this procedural chronology fits the "informal, free-form" model assumed by the majority? Op. at 580.
[2] Section 163.3215(3)(b) provides "suit under this section shall be the sole action available to challenge the consistency of a development order with a comprehensive plan adopted under this part." This subsection does not on its face bar certiorari review. First the landowner's claim here is that the county erred by finding the subdivision inconsistent with the plan. Moreover, under certiorari review Emerald Acres could not merely "challenge" a fact determination that its proposal is inconsistent with the Leon County Comprehensive Plan. Review is limited to a determination of whether the inferior agency provided procedural due process, proceeded according to the essential requirements of law, and whether the administrative action is supported by competent substantial evidence. G-W Development Corp. v. Village of North Palm Beach Zoning Board of Adjustment, supra; Gregory v. City of Alachua, supra. See also, City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). Battaglia Fruit Co. v. City of Maitland, 530 So.2d 940 (Fla. 5th DCA 1988), cause dism., 537 So.2d 568 (Fla. 1988).
[3] The Fifth District, through Judge Griffin, observed:

If the existence of Orange County's statutory certiorari procedure were to preclude review by common law certiorari, the petitioner's argument that the unique requirements of Orange County's special act violate the constitution would have to be seriously considered.
596 So.2d at 494.
The landowner/petitioner there argued that an exclusive statutory procedure could not preclude review by common law certiorari without violating Article V, section 2(a) ("The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review ...") and Article V, section 5(b). The Florida Rules of Appellate Procedure provide that the circuit courts have jurisdiction to issue writs of common law certiorari, Fla.R.App.P. 9.030(c)(3), and that such jurisdiction is invoked by filing a petition within 30 days of rendition of the order to be reviewed. Fla.R.App.P. 9.100(c).
Judge Griffin further, and successfully in my view, distinguishes the statutory notice requirement for review of a zoning decision from notice requirements which are proper conditions precedent to accrual of a cause of action. Since I agree with that view, I am unpersuaded by the majority's reference to Williams v. Campagnulo, 588 So.2d 982 (Fla. 1991). Op. at 580.