608 So.2d 509 (1992)
JENSEN BEACH LAND COMPANY, INC., Petitioner,
v.
CITIZENS FOR RESPONSIBLE GROWTH OF THE TREASURE COAST, INC., the North River Shores Homeowners' Association, Inc., Dennis Kahle, Pam Kahle, Zachary Williams, Matthew Kemp, and Martin County, a Political Subdivision of the State of Florida, Respondents.
No. 92-0851.
District Court of Appeal of Florida, Fourth District.
October 21, 1992.
Rehearing Denied December 29, 1992.
Harold G. Melville of Melville & Fowler, P.A., Fort Pierce, and Edna L. Caruso, of Edna L. Caruso, P.A., West Palm Beach, for petitioner.
*510 Thomas J. Baird of Thomas J. Baird, P.A., Palm Beach Gardens, for respondents.
Richard E. Gentry, and Robert M. Rhodes and John G. Van Laningham, of Steel Hector & Davis, Tallahassee, for amicus-Florida Home Builders Ass'n.
PER CURIAM.
The developer/intervenor below seeks review by certiorari of the circuit court's order, entered in its appellate capacity, wherein the court held that the Development of Regional Impact (DRI) development order and the Planned Unit Development (PUD) agreement were inconsistent with Martin County's comprehensive plan.
We understand Section 163.3215, Florida Statutes (1991), to require that a court challenge to the consistency of a zoning order with the comprehensive plan which does not merely seek a temporary restraining order to prevent immediate and irreparable harm be preceded by timely filing of a complaint with the entity that entered the order. Because this condition precedent was not met, we find that the circuit court lacked jurisdiction to hear this matter. See Emerald Acres Investments, Inc. v. Board of County Comm'rs of Leon County, 601 So.2d 577 (Fla. 1st DCA 1992), question certified on reh'g, 17 F.L.W. 1688 (Fla. 1st DCA July 9, 1992); Leon County v. Parker, 566 So.2d 1315 (Fla. 1st DCA 1990); cf Battaglia Fruit Co. v. City of Maitland, 530 So.2d 940 (Fla. 5th DCA), cause dismissed, 537 So.2d 568 (Fla. 1988). Accordingly, we grant the petition and quash the circuit court's order.
We decline to act on petitioner's request for tolling of times stated in the DRI development order and the PUD agreement, without prejudice to petitioner's seeking relief from the County Board of Commissioners or other appropriate authority.
LETTS, J., and WALDEN, Senior Judge, concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
The issue of jurisdiction and the provisions of section 163.3215 were not raised in the trial court and are not relied upon by petitioner here. Rather, amicus has called our attention to the issue. I would hold that this contention was waived and proceed to consider the dispute on the grounds actually raised by petitioner in its petition filed with this court.