627 So.2d 476 (1993)
J. Gwynn PARKER, et al., Petitioners,
v.
LEON COUNTY, Respondent.
EMERALD ACRES INVESTMENTS, INC., Petitioners,
v.
THE BOARD OF COUNTY COMMISSIONERS OF LEON COUNTY, et al., Respondents.
Nos. 80230, 80288.
Supreme Court of Florida.
October 7, 1993.
As Clarified December 23, 1993.
*477 M. Stephen Turner and David K. Miller of Broad and Cassel, and Frank P. Rainer of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Tallahassee, for petitioners.
David La Croix of Pennington, Wilkinson & Dunlap, P.A., Tallahassee, for respondent.
Richard Gentry, Tallahassee, amicus curiae for Florida Home Builders Ass'n, Inc.
GRIMES, Justice.
We have for review Emerald Acres Investments, Inc. v. Board of County Commissioners, 601 So.2d 577 (Fla. 1st DCA 1992), and Parker v. Leon County, 601 So.2d 1223 (Fla. 1st DCA 1992), in which the First District Court of Appeal certified the following question as being of great public importance:
WHETHER THE RIGHT TO PETITION FOR COMMON LAW CERTIORARI IN THE CIRCUIT COURTS OF THE STATE IS STILL AVAILABLE TO A LANDOWNER/PETITIONER WHO SEEKS APPELLATE REVIEW OF A LOCAL GOVERNMENT DEVELOPMENT ORDER FINDING COMPREHENSIVE PLAN INCONSISTENCY, NOTWITHSTANDING SECTION 163.3215, FLORIDA STATUTES (1989)?
Emerald Acres, 601 So.2d at 584; Parker, 601 So.2d at 1223. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Since the same question was certified in both Emerald Acres and Parker, the cases are consolidated for our review. Both of the cases involve applications by developers for approval of preliminary subdivision plats. In each case, the Tallahassee-Leon County Planning Commission denied the petitioner's application. The planning commission determined that each of the proposed subdivisions was inconsistent with various provisions and policies of Leon County's comprehensive plan. The developers appealed the planning commission's decisions to the Leon County Board of County Commissioners, which upheld the planning commission and denied the applications. Each developer then sought certiorari review in the Leon County Circuit Court. Although they had traveled through the administrative process separately, the cases were consolidated at the trial level. Leon County filed motions to dismiss the actions for failure to comply with section 163.3215, Florida Statutes (1989); these motions were denied. After a hearing, the trial court granted certiorari, holding that the proposed subdivisions were consistent with the comprehensive plan and that the denial of the two applications was a departure from the essential requirements of law.
Leon County then sought appellate review. In a split decision, the district court of appeal held that the county's motions to dismiss should have been granted. The court reasoned that suit had to be brought under section 163.3215. Therefore, as a condition precedent, it was necessary that a verified complaint first be filed with the local government within thirty days after the applications were denied. § 163.3215(4), Fla. Stat. (1989); *478 Leon County v. Parker, 566 So.2d 1315, 1317 (Fla. 1st DCA 1990) (Parker I). Because neither developer had alleged the satisfaction of this requirement, the final judgment in each case was quashed. On rehearing, the trial court was instructed to permit the developers to file amended pleadings alleging compliance with the statutory condition precedent. Id. at 1318.
On remand, the developers filed amended complaints, again raising the issue of whether the proposed developments were consistent with the comprehensive plan. Emerald Acres alleged compliance with section 163.3215 or waiver of the requirements. Parker alleged substantial compliance with the statute. The trial court dismissed both actions, finding that the developers had failed to file verified complaints with the county within thirty days of the county's denials as required by section 163.3215(4). The developers sought appellate review.
The district court of appeal affirmed the trial court's determination that Emerald Acres had not timely filed the verified complaint. Relying on its decision in Parker I, the district court held that common law certiorari was not an available remedy because the statutory remedy has been designated the sole action available to challenge the consistency of a development order with a local comprehensive plan. Emerald Acres, 601 So.2d at 580-81. Judge Kahn filed a concurring opinion stating he would have ruled the other way except for the court's prior opinion in Parker I. The dismissal of Parker's action was summarily affirmed with citation to the Emerald Acres decision. Parker, 601 So.2d at 1223. On rehearing in both cases, the court certified the question quoted above.
Section 163.3215, Florida Statutes (1989), provides in pertinent part:
163.3215 Standing to enforce local comprehensive plans through development orders. 
(1) Any aggrieved or adversely affected party may maintain an action for injunctive or other relief against any local government to prevent such local government from taking any action on a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part.
(2) "Aggrieved or adversely affected party" means any person or local government which will suffer an adverse effect to an interest protected or furthered by the local government comprehensive plan... .
The alleged adverse interest may be shared in common with other members of the community at large, but shall exceed in degree the general interest in community good shared by all persons.
(3)(a) No suit may be maintained under this section challenging the approval or denial of a zoning, rezoning, planned unit development ... or other development order granted prior to October 1, 1985, or applied for prior to July 1, 1985.
(b) Suit under this section shall be the sole action available to challenge the consistency of a development order with a comprehensive plan adopted under this part.
(4) As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of setting forth the facts upon which the complaint is based and the relief sought by the complaining party. The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken. The local government receiving the complaint shall respond within 30 days after receipt of the complaint. Thereafter, the complaining party may institute the action authorized in this section. However, the action shall be instituted no later than 30 days after the expiration of the 30-day period which the local government has to take appropriate action. Failure to comply with this subsection shall not bar an action for a temporary restraining order to prevent immediate and irreparable harm from the actions complained of.
... .
(6) The signature of an attorney or party constitutes a certificate that he has read *479 the pleading, motion, or other paper and that, to the best of his knowledge, information, and belief formed after reasonable inquiry, it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or for economic advantage, competitive reasons or frivolous purposes or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of these requirements, the court, upon motion or its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
The developers argue that as landowner applicants their common law right to petition for certiorari review in circuit court was unaffected by section 163.3215 because that statute only applies to actions by third-party intervenors. We agree.
At the outset, we note that the history of the statute supports the developers' position. In 1984, this Court held that third parties' standing to intervene to challenge zoning development orders as inconsistent with the comprehensive plan was not enlarged by the Local Government Comprehensive Planning Act of 1975, but continued to be governed by the common law rule of standing which required that a legally recognized right be adversely affected. Citizens Growth Management Coalition, Inc. v. City of West Palm Beach, 450 So.2d 204 (Fla. 1984). The following year as part of the Growth Management Act the legislature enacted section 163.3215 to ensure the standing for any person who "will suffer an adverse effect to an interest protected ... by the ... comprehensive plan." § 163.3215(2), Fla. Stat. (1985). See Southwest Ranches Homeowners Ass'n, Inc. v. County of Broward, 502 So.2d 931, 935 (Fla. 4th DCA) ([Section 163.3215] "liberalizes standing requirements and demonstrates a clear legislative policy in favor of the enforcement of comprehensive plans by persons adversely affected by local action."), review denied, 511 So.2d 999 (Fla. 1987).
Turning to the language of the statute, it is particularly significant that subsection (1) authorizes an aggrieved or adversely affected party to bring an action to prevent a local government from taking action on a development order which materially alters the use or density or intensity of use of a piece of property that is not consistent with the comprehensive plan. An owner whose application has been denied does not seek to prevent action on a development order. Moreover, the denial of an application does not alter the use or density of property because the denial order simply preserves the status quo and no further action is possible.
The requirement of subsection (4) to file a verified complaint with the local government as a condition precedent to filing suit further suggests that the statute pertains only to third-party intervenors because such a requirement would be superfluous with respect to applicants who have already made their position known to the local government. Finally, the language of subsection (6) also illustrates that the statute is only applicable to third parties. Under that subsection, the signature of a complaining party or its attorney is deemed to be a certification that the action "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or for economic advantage." The word "interpose" means to interfere or intervene, or to step between parties at variance. VII Oxford English Dictionary at 1130 (2d ed. 1989). A landowner applicant cannot interpose a complaint because it is an original party to the proceeding. Furthermore, it is axiomatic that a landowner challenging the denial of a requested zoning change is doing so for an economic advantage.
We acknowledge that subsection (2) defines the term "aggrieved or adversely affected party" to include "any person ... which will suffer an adverse effect to an interest protected or furthered by the local governmental comprehensive plan." (Emphasis added.) Further, the term "development order," referred to in section 163.3215(1), is defined as "any order granting, denying, or granting with conditions an application for a development permit," § 163.3164(6), Fla. Stat. (1989) (emphasis added), and section 163.3215(3)(a) *480 refers to suits maintained under the statute which challenge approvals or denials. However, the fact remains that the only cause of action authorized by the statute is contained in subsection (1), and a landowner seeking review of a denial does not fall within the scope of that subsection.
We answer the certified question in the affirmative and disapprove Parker I. We quash the decisions below and remand for proceedings in the circuit court in accordance with the principles of Board of County Commissioners v. Snyder, 627 So.2d 469 (Fla. 1993).
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, KOGAN and HARDING, JJ., concur.
SHAW, J., dissents.