700 So.2d 163 (1997)
Jean POULOS, Charles Brooks, Karen Shidel and Pinecrest Lakes and Parks, Inc., Appellants,
v.
MARTIN COUNTY and Pinecrest Lakes, Inc., Appellees.
No. 96-2853.
District Court of Appeal of Florida, Fourth District.
October 15, 1997.
David J. Russ, Tallahassee, and Richard J. Grosso, Plantation, for Appellants.
Robert D. Guthrie, County Attorney, and Gary K. Oldehoff, Assistant County Attorney, Stuart, for Appellee Martin County.
Jack J. Aiello and Ernest A. Cox of Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., West Palm Beach, for Appellee Pinecrest Lakes, Inc.
Terrell K. Arline, Tallahassee, for Amicus Curiae 1000 Friends of Florida, Inc.
Jorge L. Fernandez, Sarasota, for Amicus Curiae Florida Association of County Attorneys.
Robert M. Rhodes and Donna E. Blanton of Steel Hector & Davis, LLP, Tallahassee, for Amici Curiae Florida Home Builders Association and Florida Association of Realtors.
PER CURIAM.
This action was brought in the trial court pursuant to, section 163.3215, Florida Statutes (1995). We conclude that section 163.3215 provides for a de novo trial. Accordingly, our review is by appeal. Because the trial court concluded appellant's action did not entitle them to a de novo proceeding, we reverse and remand with direction to proceed in accordance herewith.
Appellants' action for declaratory and injunctive relief pursuant to the above statute challenged a development order issued by Martin County. Appellants, in accord with section 163.3215, filed a verified complaint with the county alleging the development decision was inconsistent with the county's comprehensive plan. The county commission voted 3-2 to deny a motion setting aside the development order. Appellants then filed the present action to prevent operation of the development order and rescind its effectiveness.
*164 The developer (appellee) was then allowed to intervene and file a motion seeking to determine the scope of the proceedings. In its motion, appellee sought to have the circuit court review the decision of the county commission in its appellate capacity rather than conducting a trial de novo as requested in appellant's complaint. The trial court granted appellee's motion, stating that the proper scope of review of a case brought under section 163.3215 is certiorari, by a review of the record before the board of county commissioners, and not as a trial de novo. After conducting a review of the record as established at the county commission hearing, the court held that the commission had not erred in finding the development was consistent with the comprehensive plan.
Section 163.3215, Florida Statutes (1995) states in part:
(1) Any aggrieved or adversely affected party may maintain an action for injunctive or other relief against any local government to prevent such local government from taking any action on a development order, as defined in § 163.3164, which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part.
* * * * * *
(3)(b) Suit under this section shall be the sole action available to challenge the consistency of a development order with a comprehensive plan adopted under this part.
(4) As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of setting forth the facts upon which the complaint is based and the relief sought by the complaining party. The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken. The local government receiving the complaint shall respond within 30 days after receipt of the complaint. Thereafter, the complaining party may institute the action authorized in this section. However, the action shall be instituted no later than 30 days after the expiration of the 30 day period which the local government has to take appropriate action.
* * * * * *
(5) Venue in any cases brought under this section shall lie in the county or counties where the actions or inactions giving rise to the cause of action are alleged to have occurred.
§ 163.3215, Fla. Stat. (1995).
Appellees unpersuasively argue that this case is controlled by Board of County Commissioners v. Snyder, 627 So.2d 469 (Fla. 1993), wherein a landowner requested a zoning change and the county denied it. The landowner challenged this determination by filing a petition for common law certiorari in the circuit court. The supreme court approved of this procedure, citing its holding in Parker v. Leon County, 627 So.2d 476 (Fla. 1993). In Parker, the court held that when a landowner/applicant sought to challenge the denial of a development order, the proper procedure was for the party to petition the circuit court for common law certiorari. When a non-party, such as a neighbor, seeks to challenge a development order, the action should be filed in the circuit court pursuant to section 163.3215. Although the action in Snyder involved a landowner and was thus not pursuant to section 163.3215, the court did mention the statute:
One or more of the amicus briefs suggests that Snyder's remedy was to bring a de novo action in circuit court pursuant to section 163.3215, Florida Statutes (1991). However, in Parker v. Leon County, 627 So.2d 476 (Fla.1993), we explained that this statute only provides a remedy for third parties to challenge the consistency of development orders.
627 So.2d at 475 n. 1 (emphasis added). Although the court was not addressing the issue of the scope of a section 163.3215 action, its language is consistent with our determination that section 163.3215 provides for a de novo trial.[1]
*165 Appellant convincingly argues that section 163.3215 must provide for a de novo proceeding because the time frame for filing the action is "at complete odds with that set forth in the Florida Rules of Appellate Procedure." Appellants point out that the pre-suit requirement, requiring the challenging party to file a complaint with the local government whose actions are challenged, means that the suit in circuit court may potentially be filed up to 90 days after the issuance of the development order. Florida Rule of Appellate Procedure, 9.100(c)(1) provides that a petition for certiorari must be filed within 30 days of rendition of the order to be reviewed.[2]
Here, if section 163.3215 was intended to provide for the circuit court to conduct an appellate review by certiorari, then the statutory language permitting the filing of the action up to 90 days after the granting of the development order is in conflict with the 30 day deadline outlined under the Florida Rules of Appellate Procedure. This court has held:
According to the Florida Constitution, Article V, Section 2(a), provides that the supreme court shall adopt rules of procedure in all courts, "including the time for seeking appellate review." Matters of practice and procedure within the authority of the supreme court may not be exercised by the Legislature.
In re Adoption of a Minor Child, 570 So.2d 340, 342 (Fla. 4th DCA 1990), approved in part on unrelated certified question, 593 So.2d 185 (Fla.1991) (citations omitted). Thus, reading section 163.3215 to authorize the invocation of the circuit court's certiorari jurisdiction more than 30 days after the agency action being challenged would make the section unconstitutional. Whenever possible, a statute should be construed so as not to conflict with the constitution. State v. Stalder, 630 So.2d 1072 (Fla.1994). Accordingly, we hold that section 163.3215 does not provide for appellate review by the circuit court, but rather provides for an original de *166 novo action.[3]
GLICKSTEIN, POLEN and GROSS, JJ., concur.
NOTES
[1] Parker and Snyder were released by the supreme court on the same day. Parker involved two cases in which the first district had certified the same question. In one of those two cases, Judge Kahn wrote a concurring opinion in which he stated:

Appellant, in arguing its right to certiorari review, concedes that such review is necessarily of a limited nature, and would not afford the latitude that is now provided by a de novo proceeding under section 163.3215.
Emerald Acres Inv. v. Board of County Comm'rs, 601 So.2d 577, 582 (Fla. 1st DCA 1992) (Kahn, J., concurring)(citing Gregory v. City of Alachua, 553 So.2d 206 (Fla. 1st DCA 1989)), quashed, 627 So.2d 476 (Fla.1993). In Gregory, the First District indicated that section 163.3215 provides for a de novo trial. Given Judge Kahn's concurrence in Emerald Acres, it seems even more unlikely that the supreme court would have carelessly labeled a section 163.3215 action as a de novo proceeding.
This court has referred to the scope of the proceedings under section 163.3215. Jensen Beach Land Co. v. Citizens for Responsible Growth of the Treasure Coast, Inc., 608 So.2d 509 (Fla. 4th DCA 1992). The circuit court in Jensen Beach, in an action brought pursuant to section 163.3215, found a development order inconsistent with the comprehensive plan. Id. This court reversed because the challenger had not complied with the statutory requirement that the challenger file a verified complaint with the entity that entered the order before bringing suit under section 163.3215. Id. This court began the opinion by stating:
The developer/intervenor below seeks review by certiorari of the circuit court's order, entered in its appellate capacity.
Id. at 510 (emphasis added). The dissent clarifies that the provisions of section 163.3215 were not raised in the trial court or relied upon by the petitioner on appeal, and the failure to comply with the pre-suit notice requirement was pointed out by amicus curiae. Id. Furthermore, it appears the issue of whether the circuit court was properly acting in its appellate capacity, as opposed to conducting a de novo trial, was not even considered.
[2] Appellee relies on a case cited in an amicus brief for the proposition that "the legislature may lawfully create a statutory review proceeding based upon a certiorari-type remedy so long as it does not limit due process." Splash & Ski, Inc. v. Orange County, 596 So.2d 491 (Fla. 5th DCA 1992). Actually, the court in Splash explicitly declined to reach the issue of whether a statutory remedy allowing for the filing of a petition of certiorari in circuit court later than allowed by the rules of appellate procedure was constitutional. Id. at 492 n. 2.
[3] Appellants argue that the language used in section 163.3215, i.e., "maintain an action," "suit under this section," "institution of an action under this section," clearly indicates that the legislature intended an action brought under that section to be a de novo trial rather than an appellate review. Appellees point out that even when the Legislature has specifically provided for review by certiorari, it has referred to the review as an "action" in the very same section. § 171.081, Fla. Stat. (1995). Nevertheless, Judge Wentworth found the statutory language in section 163.3215 significant, stating:

I find the above quoted language in the statute, upon which the complaint was expressly based, provides only for a suit or action clearly contemplating an evidentiary hearing before the court to determine the consistency issue on its merits in the light of the proceedings below but not confined to the matters of record in such proceedings.
Gregory v. City of Alachua, 553 So.2d 206, 211 (Fla. 1st DCA 1989)(Wentworth, J., dissenting).