709 So.2d 175 (1998)
FLORIDA ROCK PROPERTIES, et al., Appellants,
v.
Timothy KEYSER, Appellee.
No. 96-3307.
District Court of Appeal of Florida, Fifth District.
April 3, 1998.
*176 John A. DeVault, III, and Jane A. Lester, of Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville, and Edward E. Hedstrom, P.A., Palatka, for Appellants.
Michael W. Woodward, of Keyser & Woodward, P.A., Interlachen, for Appellee.
THOMPSON, Judge.
Florida Rock Properties, Inc, and Florida Rock Industries, Inc. (collectively "Florida Rock") appeal from a declaratory final judgment which quashed the decision of the Putnam County Commission ("the Board") to rezone a 509-acre parcel of Florida Rock's land from agriculture to mining. Although several issues are raised, one is dispositive: Timothy Keyser, who filed the lawsuit seeking the declaratory judgment, is not an aggrieved party pursuant to section 163.3215, Florida Statutes. Therefore, he had no standing to appeal the decision of the Board to the circuit court.
Florida Rock owns approximately 6,700 acres of land in Putnam County and mines approximately 1,800 acres. The remaining land is zoned and currently used for agriculture. Florida Rock sought to rezone an additional two parcels, 509 acres, from agriculture to mining. The Board approved the rezoning without requiring a 25 percent set-aside to preserve native vegetation as mandated by the county's comprehensive plan.[1]
In his verified complaint for declaratory relief to quash the Board's decision, Keyser alleged that he was an "aggrieved or adversely affected person" as defined in section 163.3215, Florida Statutes. He alleged the following facts to establish his standing: (1) he owns land in Putnam County approximately 10 miles from Florida Rock's 509-acre site; (2) he operates a law business in Putnam County and occasionally represents conservationists; (3) he has maintained a life long interest in wildlife and environmental protection matters as part of his civic duties; (4) the failure to require the 25 percent set aside to protect native vegetation would affect his quality of life. The court found that Keyser had standing because his "exceptional personal and professional interests, efforts, and activities in conservation, wildlife and environmental protection matters were proven" and would be adversely affected by the Board's decision "to a greater degree than... other members of the community."
Section 163.3215, Florida Statutes, (1995) reads:
163.3215 Standing to enforce local comprehensive plans through development orders.  
(1) Any aggrieved or adversely affected party may maintain an action for injunctive or other relief against any local government to prevent such local government from taking any action on a development order, as defined in s. 163.3164, which materially alters the use or density or intensity *177 of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part.
(2) "Aggrieved or adversely affected party" means any person or local government which will suffer an adverse effect to an interest protected or furthered by the local government comprehensive plan, including interests related to health and safety, police and fire protection service systems, densities or intensities of development, transportation facilities, health care facilities, equipment or services, or environmental or natural resources. The alleged adverse interest may be shared in common with other members of the community at large, but shall exceed in degree the general interest in community good shared by all persons. (Emphasis added.)
Therefore, Keyser's standing to challenge the Board's zoning decision depends on (1) whether the personal and professional interests he alleged are "protected or furthered by" Putnam County's comprehensive plan; if so, (2) whether those interests are greater than the general interest in community well being; and (3) whether the interests are or will be adversely affected by the challenged zoning decision.
First, property ownership alone is insufficient to show a person is one "who will suffer an adverse effect to an interest protected or furthered by" the plan. See Parker v. Leon County, 627 So.2d 476 (Fla.1993). Thus, the fact that Keyser owns land in Putnam is insufficient to establish standing. He does not live adjacent to Florida Rock's property. He does not claim that he will be adversely impacted by noise, increased traffic or noxious fumes from Florida Rock's property. He merely alleges ownership of land. There is no showing that Keyser will suffer an adverse effect. See White v. Metropolitan Dade County, 563 So.2d 117 (Fla. 3d DCA 1990) (holding that citizens of Dade County had no standing to challenge the construction of tennis courts on land which had a deed restriction to keep the land for a park in perpetuity or the land would revert to the owner). Had Keyser lived adjacent to the property, and had he been able to show a specific impact the zoning change would have upon him or his property, he would have standing. Southwest Ranches Homeowners Ass'n, Inc. v. Broward County, 502 So.2d 931 (Fla. 4th DCA), rev. denied, 511 So.2d 999 (Fla.1987).
Second, the fact that Keyser owns a business in the county does not confer standing upon him. He generally argues that the inability to counsel clients effectively in land use matters will be created because the Board issued the order. We find nothing unique about Keyser's inability to counsel his clients that would make him an aggrieved party. Each time a legislative body changes a statute or ordinance, a lawyer is in doubt as to the advice to give his client. That is the nature of a lawyer's practice. Moreover, professional interests are not among the interests the comprehensive plan protects. See § 163.3215(2), Fla. Stat. (1995).
Keyser's strongest but most problematic argument is that the zoning decision of the Board would adversely affect his quality of life by its negative impact upon wildlife populations and habitats in Putnam County. In Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), the United States Supreme Court held that judicial review must "be sought in the hands of those who have a direct stake in the outcome." Section 163.3215 does not specify or explain the degree to which the protected interest must be affected, but, case law is helpful. In Southwest Ranches Homeowners Ass'n, Inc., supra, the court held that property owners adjacent to a proposed development would have standing and a group of concerned citizens with a general interest would not. 502 So.2d at 934. Keyser never demonstrated any specific injury, only that the county would not be as bucolic as it once was. Keyser is a citizen with an interest in the environment and nothing more. Accordingly, we reverse the decision of the circuit court and remand for disposition consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
W. SHARP, J., dissents with opinion.
*178 W. SHARP, Judge, dissenting.
I respectfully disagree with the majority opinion's conclusion that Keyser lacks standing to challenge the rezoning decision rendered by Putnam County. Based on the trial court's findings and this record, I conclude that Keyser established sufficient facts to give him standing pursuant to section 163.3215, Florida Statutes. The trial court ruled Keyser had standing because his "exceptional personal and professional interests, efforts and activities in conservation, wildlife and environmental protection were proven," and because he would be adversely affected by this decision to a greater degree than other members of the community. Thus I would affirm the trial court's determination that Florida Rock's proposed mining operation is "new development," on which a 25% reservation of land to protect native vegetation is required pursuant to the Putnam County Comprehensive Planning and Land Development Act.
Section 163.3215 was enacted in 1985 as part of the Growth Management Act. This section addresses standing as follows:
163.3215. Standing to enforce local comprehensive plans through development orders.
(1) Any aggrieved or adversely affected party may maintain an action for injunctive or other relief against any local government to prevent such local government from taking any action on a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part.
(2) "Aggrieved or adversely affected party" means any person or local government which will suffer an adverse effect to an interest protected or furthered by the local government comprehensive plan, including interests related to health and safety, police and fire protection service systems, densities or intensities of development, transportation facilities, health care facilities, equipment or services, or environmental or natural resources. The alleged adverse interest may be shared in common with other members of the community at large, but shall exceed in degree the general interest in community good shared by all persons.
In this case, Florida Rock applied to the Putnam County Planning Commission to rezone a 509-acre parcel of its land from agriculture to mining. Florida Rock owns 6,700 acres in Putnam county, of which the 509 acres is a part. Florida Rock expects to mine the 509 acres at a rate of 10 to 12 acres a year. Under the Comprehensive Plan, the rezoning arguably required a 25% set aside to preserve native vegetation.[1] The applicability of the set-aside provision to Florida Rock's proposal to mine the 509-acre parcel and whether it constituted "new development" were disputed issues in this case.
Although Keyser owns real estate in Putnam County located five to ten miles away from the 509 acres, he relied on his extensive personal and professional interest and activities in environmental and conservation issues to give him standing in this law suit. One of the reasons Keyser moved to Putnam County was because of its extensive wildlife habitat and population. For many years Keyser has been active in a conservation organization and has served as its president or chairman of the board and has served on other board positions in both national and state conservation organizations. Keyser is an attorney and does environmental and land use law. He has represented at no fee or low fee many different neighborhood and conservation organizations on the national, state and regional level on a variety of issues from protecting the Everglades to restoring Lake Apopka to protecting neighborhoods from inappropriate zoning.
Keyser attended at least four hearings on this rezoning matter. He attended the first hearing before the Planning Commission, listened to presentations of both sides and then spoke as an interested citizen at that Commission meeting. Keyser was quite surprised by the action of the Planning Commission *179 (in favor of rezoning without the set aside) and appealed that decision to the Board of County Commissioners. Keyser was required to fill out paper work, and pay a filing fee. He also argued his appeal before the Board of County Commissioners.
The Board did not make a decision at that time and instead directed its attorney to review the statute and the comprehensive plan provisions and to make a recommendation to the Board. The county attorney made a recommendation that favored Keyser's appeal. At first the Board seemed to favor that recommendation but ultimately voted against it and in favor of the rezoning, without the set aside. Keyser then proceeded to petition the Board of County Commissioners for remand or denial of the rezoning.
This evidence appears sufficient to me to support the trial court's determination that Keyser was an aggrieved or adversely affected party under section 163.3215. His interest in the environment and protection of wildlife and its habitat greatly exceeds that of the members of the public in general. To deny him standing in this case because he does not own real estate adjoining the land being rezoned which may be adversely affected, pocketbook wise, appears to me to be so restrictive that we will find ourselves back where we were in the Save Sand Key[2] case where intangible values stand for naught; only property interests count.
As demonstrated by this case, because one party owns such a vast tract of land, in fact there may be no adjoining landowners sufficiently "affected" to challenge the rezoning of part of it, under the restrictive view of standing taken by the majority opinion. Indeed, unless something more than ownership of adjacent land can give a person standing to challenge a rezoning, I will have to agree with the second district in Save Sand Key that interests in the environment, in wildlife and its habitat "may be enjoyed by all, yet none may protect it." 281 So.2d at 574.
NOTES
[1] Policy E.1.3.6 of the county's comprehensive plan requires the 25 percent set-aside on all new development on sites of 50 acres or more. The policy reads:

The County shall protect environmentally sensitive areas and native vegetative communities as follows:
A. The County shall require new development, as defined in Section 380.04, FS, on sites of 50 acres or more to preserve a minimum of 25 percent of the existing native vegetation on the site....
[1] Policy E 1.3.6A of the Comprehensive Plan requires a set aside on all new development on sites of 50 acres or more.
[2] Save Sand Key, Inc. v. United States Steel Corp., 281 So.2d 572 (Fla. 2d DCA 1973), reversed, 303 So.2d 9 (Fla.1974).