HAWKES, C.J.,
concurs in part, dissents in part, with opinion.
I concur in reversing the trial court and reinstating the Nassau County development order. I dissent, however, from the portion of the opinion concluding the Ap-pellees had standing to challenge the development order in the first place.
§ 163.3215
Whether a party has standing to enforce a local comprehensive plan is a pure question of law subject to de novo review. See Bay Point Club, Inc. v. Bay County, 890 So.2d 256 (Fla. 1st DCA 2004).
Section 163.3215, Florida Statutes, (2006) provides:
163.3215 Standing to enforce local comprehensive plans through development orders.—
(1) Any aggrieved or adversely affected party may maintain an action for injunc-tive or other relief against any local government to prevent such local government from taking any action on a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part.
(2) “Aggrieved or adversely affected party” means any person or local government which will suffer an adverse effect to an interest protected or furthered by the local government comprehensive plan, including interests related to health and safety, police and fire protection service systems, densities or intensities of development, transportation facilities, health care facilities, equipment or services, or environmental or natural resources. The alleged adverse interest may be shared in common with other members of the community at large, but shall exceed in degree the general interest in community good shared by all persons.
(Emphasis added).
Pursuant to section 163.3215, a party’s standing to enforce a comprehensive plan depends on it being “aggrieved or adversely affected.” A party is “aggrieved or adversely affected” if: (1) the comprehensive plan protects or furthers the party’s personal and professional interests; (2) such interests are, or will be, adversely affected by the challenged zoning decision; and (3) such interests are greater than the general interest the community has in its well being. See Fla. Rock Props, v. Keyser, 709 So.2d 175, 176-77 (Fla. 5th DCA 1998).
Analysis
The Appellees have failed to demonstrate an interest in Crane Island that exceeds the general interests of the citizens of Nassau County. They have also failed to demonstrate how implementation of the proposed development order would adversely affect their alleged interests.
The Appellees’ interests are far less substantial than the interests of parties that are generally considered to have standing to enforce a comprehensive plan. For example:
In Keyser, the Fifth District held that a party must demonstrate a specific injury to have standing pursuant to section 163.3215. 709 So.2d at 176-77. In reaching this holding, the court concluded a general interest in the environment equivalent to a claim that the county would be less “bucolic” if development occurs is in *281 sufficient to establish standing. Id. In Edgewater, this Court held that a party has standing to challenge a development order only if they will suffer an “actual adverse effect” as a result of proposed development. 833 So.2d 215 (Fla. 1st DCA 2002), receded from on other grounds by Bay Point Club, Inc. v. Bay County, 890 So.2d 256 (Fla. 1st DCA 2004). Accordingly, the Court found a party that owns or has a legal interest in land adjacent to property subject to a development order has standing to challenge the order. Id.; See also Stranahan House, Inc. v. City of Fort Lauderdale, 967 So.2d 427, (Fla. 4th DCA 2007). In Payne v. City of Miami, the Third District found that a local marine group, whose members owned and operated a marine industry business on the Miami River, had sufficient interests to attain standing under section 163.3215. 927 So.2d 904, 905 (Fla. 3d DCA 2005). Specifically, the court found the marine group, by demonstrating the impact that development would have on its business, proved an adverse interest that “exceed[ed] in degree the general interest in community good shared by all persons.” Id. Finally, in Putnam County Envtl Council, Inc. v. Bd. of County Comm’r of Putnam County, the Fifth District found that an established environmental organization had standing to challenge a development order. 757 So.2d 590, 594 (Fla. 5th DCA 2000). In its holding, the court concluded the organization’s interests had been adversely affected because it had previously aided the State in acquiring the land adjacent to the property to be developed. Id.
Appellee’s Interest in Crane Island
The Appellees base their “aggrieved or adversely affected” status on grounds that they sporadically conduct various recreational activities in the waterways surrounding Crane Island, that their enjoyment of the island’s scenic beauty will be impacted, that their ability to photograph wildlife surrounding Crane Island will be reduced, that the overall look of Crane Island’s natural canopy will be diminished, and that the environment in Nassau County will suffer from the proposed development. Such interests are indistinguishable from those shared in general by the Nassau County community.
Moreover, Appellees have presented little evidence linking the Crane Island development to any alleged impact to their named interests. Although they reside in Nassau County, the Appellees concede that they do not have any legal interest in Crane Island or its surrounding properties, they acknowledge they do not have any business or financial interests related to Crane Island, they admit Crane Island is private property and that they used it and its surrounding areas for recreational purposes without the permission of the owners, and they recognize their allegations regarding the environmental effect that the proposed development of the island would have is mere speculation.[3]
Because (1) the Appellees’ interests do not exceed that of the general public; and (2) the Appellees failed to prove any adverse effects to their asserted interests, I do not believe the Appellee’s established themselves as “aggrieved and adversely affected” parties pursuant to section 163.3215. Accordingly, I would reverse *282 the trial court ruling and hold the Appel-lees not only failed to demonstrate that the development order was inconsistent with the Nassau County Comprehensive plan, but that they lacked standing to challenge the development order.

. Appellees did not present any expert testimony regarding environmental impacts that would adversely affect their interests. The County and the Intervenors, however, presented the testimony of an environmental scientist and wetland delineator who testified that there would be no adverse impact to any rare, unique, or endangered habitat or wildlife as a result of the development.