751 So.2d 621 (1999)
EDUCATION DEVELOPMENT CENTER, INC., d/b/a My First Step Child Day Care Center, Margie L. Bellamy, David Spring, and The Association for Neighborhood Preservation, Inc., Appellants,
v.
PALM BEACH COUNTY, Salvation Army, and Sac Mercantile, Inc. d/b/a Army Navy Outdoors, Appellees.
No. 98-3786.
District Court of Appeal of Florida, Fourth District.
December 1, 1999.
*622 Nancy E. Guffey-Landers and J. Barry Curtin of Levy, Kneen, Mariani, Curtin, Kornfeld & Del Russo, P.A., West Palm Beach, for appellants.
Robert P. Banks, Assistant County Attorney, West Palm Beach, for Appellee-Palm Beach County.
Brian B. Joslyn and Ronald E. Crescenzo of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for Appellee-Salvation Army.
GUNTHER, J.
The appellants seek review of the trial court's order striking their complaint as a sham pleading. Finding error, we reverse.
The Palm Beach County Commissioners approved the Salvation Army's proposal to develop a prison work release/homeless facility in Palm Beach County. Within thirty days, Plaintiffs Education Development Center, Margie L. Bellamy, David Spring, the Association for Neighborhood Preservation, Inc., and SAC Mercantile, Inc. filed a complaint with Palm Beach County pursuant to section 163.3215, Florida Statutes, alleging that the development order issued to the Salvation Army was inconsistent with the comprehensive plan. SAC Mercantile, through its president, was the only plaintiff who signed and verified the complaint. After considering the complaint, the county commissioners decided to maintain their approval of the Salvation Army's proposal.
The plaintiffs then filed their complaint in circuit court. The Salvation Army intervened, filing a motion to strike all plaintiffs except SAC Mercantile for failing to verify the complaint. The trial court granted the motion. Those plaintiffs who were stricken from the complaint now appeal.
Section 163.3215 of the Florida Statutes allows an adversely affected third party to maintain an action to determine whether a development order is consistent with the comprehensive plan. Before an adversely affected third party can file suit in court, however, the party must first file a verified complaint with the local government within thirty days of the local government's action. § 163.3215(4). The issue here is whether, in a case involving multiple plaintiffs, the condition precedent of first filing *623 a verified complaint with the local government is satisfied upon verification by only one plaintiff.
Section 163.3215 enlarged the class of persons with standing to challenge a development order as inconsistent with the comprehensive plan. See Southwest Ranches Homeowners Ass'n v. County of Broward, 502 So.2d 931, 935 (Fla. 4th DCA 1987). As a remedial statute, section 163.3215 should be liberally construed to advance the intended remedy, i.e., to ensure standing for any party with a protected interest under the comprehensive plan who will be adversely affected by the governmental entity's actions. Parker v. Leon County, 627 So.2d 476, 479 (Fla. 1993); see Dotty v. State, 197 So.2d 315 (Fla. 4th DCA 1967)(remedial statutes are generally construed liberally). Requiring an adversely affected third party to first file a verified complaint with the local government before filing a complaint in court places the governmental entity on notice of the third party's position and intent to pursue that position in court. Parker, 627 So.2d at 479. Given this, a verified complaint is sufficient under section 163.3215(4) so long as it places the governmental entity on notice of all parties involved and the basis for their claim, regardless of how many parties verify the complaint.
Because the complaint here was verified by Plaintiff SAC Mercantile and alleged the basis for each plaintiffs standing and each plaintiffs position why the development order was inconsistent with the comprehensive plan, the trial court erred in striking it as to the appellants, i.e., those plaintiffs who did not verify the complaint. Accordingly, we reverse the trial court's order and remand for further proceedings.
REVERSED AND REMANDED.
FARMER and KLEIN, JJ., concur.