ALLEN, J.
The appellants challenge an order by which an administrative law judge dismissed a petition before the Division of Administrative Hearings, in which the appellants challenged a portion of the appel-lee Escambia County’s land development code as being inconsistent with the county’s comprehensive plan. We conclude that the judge properly dismissed the petition upon a determination that the appellants failed to satisfy a statutory condition precedent for further review, in that the appellants did not first petition the county as required by section 163.3213(3), Florida Statutes.
The appellants sent the county several letters during and after the county’s adoption of various land development regulations, and in one such letter to the county administrator the appellants asserted that the local development code did not fully comply with the county’s comprehensive plan. In this letter the appellants referred to their prior efforts and what they characterized as “an inordinate amount of time” which they had spent with regard to the process, and they concluded the letter by informing the county administrator of their verified petition for a formal administrative hearing.
The appellants pursued the matter before the Department of Community Affairs, which responded with a letter referring .the appellants to the section 163.3213(3) filing requirement. The appellants did not thereafter petition Escambia County, but they eventually obtained a Department of Community Affairs order addressing their complaints regarding Es-cambia County’s land development code. The case proceeded to the Division of Administrative Hearings, with both the appellants and the Department of Community Affairs requesting a formal hearing.
*626 Escambia County was a respondent in the proceeding before the Division of Administrative Hearings, and filed a motion to dismiss based on the appellants’ failure to comply with the requirements of section 163.3213(3). This statute specifies that a substantially affected person seeking to challenge a land development regulation on the basis of alleged inconsistency with the local comprehensive plan shall file a petition with the local government, outlining the facts on which the petition is based and the reasons the person considers the regulation to be inconsistent; the statute expressly makes such filing a condition precedent to the institution of subsequent proceedings. A similar provision in section 163.3215(4), Florida Statutes, has been construed as a jurisdictional condition precedent which precludes the designated party from further legal challenge under the statute. See Bal Harbour Village v. City of North Miami, 678 So.2d 356 (Fla. 3d DCA 1996). As explained in Leon County v. Parker, 566 So.2d 1315 (Fla. 1st DCA 1990), this filing requirement serves purposes which present a possibility of resolving the dispute without the necessity of further proceedings.
In dismissing the petition for a formal hearing the administrative law judge determined that the appellants’ letter to the county administrator did not comport with the section 163.3213(3) filing requirement and thus did not initiate the statutory review process, as the principal thrust of the letter was to place Escambia County on notice that the appellants were requesting a formal administrative hearing. The record before this court further indicates that in addition to this impediment to the possibility of resolving the dispute without formal proceedings, the letter does not contain the factual specificity and particularized reasons contemplated by section 163.3213(3). The appellants have failed to show any permissible basis by which to avoid application of the statutory filing requirement, and the judge properly dismissed the appellants’ petition due to their failure to comply with this statutory condition precedent.
The appealed order is affirmed.
LAWRENCE, J., CONCURS; BENTON, J., DISSENTS WITH WRITTEN OPINION.