BENTON, J.,
dissenting.
As the majority opinion explains, a prerequisite to filing a petition with the state land planning agency for administrative review of a local governmental land regulation is the filing of “a petition with the local government whose land development regulation is the subject of the petition outlining the facts on which the petition is based and the reasons that the substantially affected person considers the land development regulation to be inconsistent with the local comprehensive plan.” § 163.3213(3), Fla. Stat. (1997). Cf Parker v. Leon County, 627 So.2d 476, 479 (Fla.1993). As was said of a closely related statute, section 163.3213 “should be liberally construed to advance the intended remedy, i.e., to ensure standing for any party with a protected interest under [land development regulations promulgated to implement] the comprehensive plan who will be adversely affected by the governmental entity’s actions.” Education Dev. Ctr. v. Palm Beach County, 751 So.2d 621, 623 (Fla. 4th DCA 1999) (construing section 163.3215, Florida Statutes). See also Thomas v. Suwannee County, 734 So.2d 492, 497-98 (Fla. 1st DCA 1999). In my view, the letter and other papers Escambia County received from the appellants on July 1, 1998 adequately informed the County of the facts and reasons asserted, formal defects notwithstanding.