W. SHARP, J.
Lee appeals from an order of the circuit court which dismissed her complaint against the St. Johns County Board of County Commissioners, filed pursuant to section 163.3215, Florida Statutes, challenging a “development order.” The court ruled that Lee failed to file her complaint within the thirty day time limit required by section 163.3215(4), Florida Statutes. We disagree and reverse.
The record below establishes that in May of 1998, Florida First Coast Development Corporation (First Coast) filed an application to rezone property it owned in St. Johns County. First Coast is the general partner of Walden Chase Developers, Ltd. First Coast sought to rezone its property from open rural to a planned urban development (PUD), known as “Walden Chase.” On July 28, 1998, the St. Johns County Board of County Commissioners enacted Ordinance No. 98-44, which rezoned the property.
The St. Johns County Planning and Zoning Agency approved the Final Development Plan for Walden Chase on March 18, 1999. Lee, whose property is adjacent to Walden Chase, appealed the approval to the County Commission on April 19, 1999. The County Commission upheld the decision of the Agency on June 1, 1999. On July 1, 1999, Lee filed her verified complaint with the St. Johns County Board of County Commissioners.
On August 30, 1999, Lee filed this suit against the St. Johns County Board of County Commissioners, Florida First Coast Development Corporation and Walden Chase Developers, Ltd. The complaint alleged that the July 28, 1998 rezoning and the June 1, 1999 order upholding approval of the final development plan were incon *1112 sistent with the St. Johns County Comprehensive Plan.
Appellees argue that Lee failed to timely comply with section 163.3215, which provides strict time limits in which to challenge allegedly inconsistent actions:
(4) As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of setting forth the facts upon which the complaint is based and the relief sought by the complaining party. The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken. The local government receiving the complaint shall respond within 30 days after receipt of the complaint. Thereafter, the complaining party may institute the action authorized in this section. However, the action shall be instituted no later than 30 days after the expiration of the 30-day period which the local government has to take appropriate action. Failure to comply with this subsection shall not bar an action for a temporary restraining order to prevent immediate and irreparable harm from the actions complained of.
The time limit specified in section 163.3215(4) is jurisdictional. Bal Harbour Village v. City of North Miami, 678 So.2d 356 (Fla. 3d DCA 1996); Board of Trustees of the Internal Improvement Trust Fund v. Seminole County Board of County Commissioners, 623 So.2d 593 (Fla. 5th DCA 1993), rev. denied, 634 So.2d 622 (Fla.1994); Jensen Beach Land Co., Inc. v. Citizens for Responsible Growth of the Treasure Coast, Inc., 608 So.2d 509 (Fla. 4th DCA 1992). Legislative intent is clear that a challenge to a development order must be brought within the narrow time limits of section 163.3215 or not at all. Bal Harbour.
The issue in this case is to determine which orders are development orders and reviewable under section 163.3215 and 163.3164. Section 163.3215(1) permits parties to challenge development orders, which are inconsistent with local comprehensive plans. It provides:
Any aggrieved or adversely affected party may maintain an action for injunc-tive or other relief against any local government to prevent such local government from taking any action on a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part.
* * *
(3)(b) Suit under this section shall be the sole action available to challenge the consistency of a development order with a comprehensive plan adopted under this part.
Section 163.3164 defines “development order” and “development permit” as follows:
(7) “Development order” means any order granting, denying, or granting with conditions an application for a development permit.
(8) “Development permit” includes any building permit, zoning permit, subdivision approval, rezoning, certification, special exception, variance, or any other official action of local government having the effect of permitting the development of land.
Clearly the rezoning of the property on July 28, 1998, by the County Commission was an order subject to challenge under section 163.3215. But Lee missed the thirty day time requirement set forth above regarding that development order. She also missed the time limit with regard to the Agency’s approval of the final development plan. However, she was timely as to the County Commission’s order which approved and upheld the development order.
Appellees agree that the Agency’s approval of the final development plan was *1113 a “development order.” However, they argue that the County Commission’s approval of the plan did not “materially” alter the use or density of the property and thus it is not reviewable under section 163.3215. To constitute a reviewable development order, the approval must change the Agency’s order “to an important degree” or “to a significant extent or degree.” See State v. Joyce, 361 So.2d 406 (Fla.1978); B.B. Landmark, Inc. v. Haber, 619 So.2d 448 (Fla. 3d DCA 1993).
However, pursuant to St. Johns County Zoning Ordinance No. 11-9-6, a challenged decision of the Agency is subject to review by the County Commission by a de novo hearing. “De novo” means to try a matter anew, as though it had not been heard before and no decision has been rendered. County of Volusia v. Consolidated Pre-Stressed Concrete, Inc., 653 So.2d 398, 399 (Fla. 5th DCA 1995) (Sharp, W., J., dissenting). If the County Commission has the power to hear the matter de novo, then its decision is the final one. It is not merely an affirmance on appeal.
Further, the ordinance’s provision that the Agency’s decision must be first challenged by applying for a de novo hearing before the Commission would make it impossible for Lee to have brought her suit under section 163.3215, based on the Agency’s decision. Had she done so, she would have no doubt been met with the defense that she had failed to “exhaust” her administrative remedies and that the Agency decision was not “final.” Fehlhaber Corp. v. Village of Tequesta, 696 So.2d 880 (Fla. 4th DCA 1997); City of DeLand v. Lowe, 544 So.2d 1165 (Fla. 5th DCA 1989), rev. denied, 551 So.2d 461 (Fla.1989); Halifax Area Council on Alcoholism v. City of Daytona Beach, 385 So.2d 184 (Fla. 5th DCA 1980).
We conclude that the Commission’s order approving the final development order was reviewable under section 163.3215. However, matters dealing with the rezoning are time-barred. In her complaint, Lee alleged:
23. Plaintiff contends that the final development plan cannot be implemented if it is inconsistent with the Comprehensive Plan without approval of a comprehensive plan amendment. In its final development plan, the developer could have selected land uses that were consistent with the Future Land Use designation, but through the Final Development Plan, the second step of this two-step PUD process, chose to implement a land use density that in [sic] inconsistent with the Comprehensive Plan.
* * *
37. The Final Development Plan incorporates upland buffers around preserved wetlands that are less than the minimum 25 foot upland buffer required by Policy F.l.3.7 of the Comprehensive Plan, making the development orders inconsistent with this element of the Comprehensive Plan.
38. St. Johns County required the developer to provide ballfields as a condition of the approval of the development. The developer has proposed to fill wetlands to provide these required ball-fields, which is inconsistent with the comprehensive plan provisions that require protection of wetlands, including Goal G.2, Objective G.2.2, and Policies G.2.2.2.
39. The proposed final development plan submitted to St. Johns County by the developer did not inform the County that the ballfields were proposed to be built on filled wetlands. Therefore, the County did not review the proposal to build the ballfield site on wetlands and did not consider whether this proposal is consistent with the goals, objectives and policies of the Comprehensive Plan.
When considering a motion to dismiss, the allegations of the complaint must be accepted as true. Hoch v. Rissman, Weisberg, Barrett, 742 So.2d 451 (Fla. 5th DCA 1999), rev. denied, 760 So.2d 948 *1114 (FIa.2000); Williams v. Bear Steams & Co., 725 So.2d 897 (Fla. 5th DCA 1998), rev. denied, 737 So.2d 550 (Fla.1999); Orbe v. Orbe, 651 So.2d 1295 (Fla. 5th DCA 1995). Taken as true, Lee’s allegations of land use density, insufficient buffers and the filling of wetlands which are inconsistent with the comprehensive plan are sufficient to allow review of the development plan by the circuit court.
REVERSED and REMANDED.
PETERSON and PALMER, JJ., concur.