840 So.2d 389 (2003)
CITY OF COCONUT CREEK, a Florida municipal corporation, Appellant,
v.
CITY OF DEERFIELD BEACH, a Florida municipal corporation, and Deerfield Beach Energy Center, LLC, Appellees.
No. 4D02-1413.
District Court of Appeal of Florida, Fourth District.
March 19, 2003.
*390 Nancy E. Stroud and Mark A. Rothenberg of Weiss Serota Helfman Pastoriza & Guedes, P.A., Fort Lauderdale, and Paul Stuart, City Attorney, and Nancy A. Cousins, Assistant City Attorney, Coconut Creek, for appellant.
Andrew S. Maurodis, City Attorney, Deerfield Beach, for appellee City of Deerfield Beach.
Elliot H. Scherker of Greenberg Traurig, P.A., Miami, and Jeffrey Gilbert of Greenberg Traurig, P.A., Fort Lauderdale, for appellee Deerfield Energy Center, LLC.
MAASS, ELIZABETH T., Associate Judge.
Appellant, City of Coconut Creek ("Coconut Creek"), appeals an order dismissing with prejudice its amended complaint challenging the consistency of a development order with Broward County's Comprehensive Plan and alleging substantive and procedural due process violations in the development order approval process. We conclude that appellant failed to satisfy a statutory condition precedent to suit within the time required, and must assert its substantive and procedural due process claims through certiorari. We affirm the dismissals, but reverse solely for the dismissals as to counts II and III to be redesignated as being without prejudice.
According to Coconut Creek's amended complaint, it owns land adjacent to property owned by appellee Deerfield Beach Energy Center, L.L.C. ("Energy Center"), in Deerfield Beach, Florida. Energy Center's land was annexed by Deerfield Beach in 1990 under an act that subjected it to Broward County's Comprehensive Plan and Code of Ordinances until December 1, 2002. Coconut Creek alleges that neither Broward County's Comprehensive Plan nor its zoning code permits power plants on Energy Center's property and that on June 18, 2001, Deerfield Beach's Development Review Committee, nonetheless, granted site plan approval for Energy Center to build a power plant.
Count I of Coconut Creek's amended complaint sought to enjoin issuance of the site plan approval, under section 163.3215, Florida Statutes (2001).[1] Counts II and III sought to enjoin the approval's enforcement *391 based on alleged substantive and procedural due process violations in the approval process.
For the purposes of this proceeding, the parties agree that the site plan approval is a "development order" as defined by section 163.3164(7), Florida Statutes (2001); that the development order is required to be consistent with the comprehensive plan under section 163.3194(1)(a), Florida Statutes (2001); and that Coconut Creek is an "aggrieved or adversely affected party" entitled to bring suit to challenge the consistency of the site plan approval with the comprehensive plan, under section 163.3215(1). Consequently, Coconut Creek's contention that the site plan approval is inconsistent with the comprehensive plan is controlled by section 163.3215. See § 163.3215(3)(b) ("Suit under this section shall be the sole action available to challenge the consistency of a development order with a comprehensive plan adopted under this part.").
Section 163.3215(4) provides that:
As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of setting forth the facts upon which the complaint is based and the relief sought by the complaining party. The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken. The local government receiving the complaint shall respond within 30 days after receipt of the complaint. Thereafter, the complaining party may institute the action authorized in this section. However, the action shall be instituted no later than 30 days after the expiration of the 30-day period which the local government has to take appropriate action. Failure to comply with this subsection shall not bar an action for a temporary restraining order to prevent immediate and irreparable harm from the actions complained of.
Site plan approval was given on June 18, 2001. The original complaint was filed in circuit court on July 13, 2001. Counsel stipulated process was served on the City of Deerfield Beach the same day. Deerfield Beach served its motion to dismiss on August 2, 2001 alleging, among other grounds, Coconut Creek's failure to comply with the statutory presuit notice requirement. After a September 13, 2001, hearing, on September 19, 2001, the trial judge entered an order dismissing the complaint. On September 28, 2001, Coconut Creek filed the amended complaint under review. Though Coconut Creek alleges it complied with all conditions precedent under section 163.3215, it acknowledges that it never filed a separate verified complaint with Deerfield Beach. The trial court dismissed the amended complaint with prejudice following a February 22, 2002, hearing, and this appeal followed.
Section 163.3215(4) is clear. A complaining party
shall first file a verified complaint with the local government whose actions are complained of setting forth the facts upon which the complaint is based and the relief sought by the complaining party. The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken.
It is undisputed that Coconut Creek never complied with this condition precedent.
Where the presuit notice requirement of section 163.3215(4) has not been met, case law is clear in this and every other district that has considered the issue that the action should be dismissed. See Jensen Beach Land Co. v. Citizens for Responsible Growth of the Treasure Coast, Inc., 608 So.2d 509, 510 (Fla. 4th DCA *392 1992) ("We understand Section 163.3215... to require that a court challenge the consistency of a zoning order with the comprehensive plan which does not merely seek a temporary restraining order to prevent immediate and irreparable harm be preceded by timely filing of a complaint with the entity that entered the order. Because this condition precedent was not met, we find that the circuit court lacked jurisdiction to hear this matter."); Lee v. St. Johns County Bd. of County Comm'rs, 776 So.2d 1110, 1112 (Fla. 5th DCA 2001) ("Legislative intent is clear that a challenge to a development order must be brought within the narrow time limits of section 163.3215 or not at all."); Brady v. City of Jacksonville, 764 So.2d 715, 715 (Fla. 1st DCA 2000) ("Because [appellants] failed to comply with a condition precedent under section 163.3215(4) ... before filing their verified complaint in circuit court, we affirm the circuit court's denial of relief."); Bal Harbour Vill. v. City of N. Miami, 678 So.2d 356, 360 (Fla. 3d DCA 1996); Bd. of Trs. of the Internal Improvement Trust Fund v. Seminole County Bd. of County Comm'rs, 623 So.2d 593, 596 (Fla. 5th DCA 1993) (complaint filed with county more than thirty days after development order rendered required dismissal).
Prior to the 1985 adoption of the Growth Management Act, the common law required that a party seeking to challenge the consistency of a development order with a comprehensive plan show that it had a legally recognized right, apart from the general public's, which was adversely affected by the order. See Citizens Growth Mgmt. Coalition, Inc. v. City of West Palm Beach, 450 So.2d 204, 208 (Fla. 1984). The Growth Management Act liberalized standing. See Pinecrest Lakes, Inc. v. Shidel, 795 So.2d 191, 200 (Fla. 4th DCA 2001), review denied, 821 So.2d 300 (Fla.2002). Edgewater Beach Owners Ass'n v. Walton County, 833 So.2d 215, 219-20 (Fla. 1st DCA 2002). Coconut Creek's right to challenge the consistency of Energy Center's site plan approval with Broward County's Comprehensive Plan is a creature of statute. See Fla. Wildlife Fed'n v. State Dep't of Envtl. Regulation, 390 So.2d 64 (Fla.1980) (broadening of standing to seek enforcement of environmental law is substantive, not procedural). As such, the statute must be strictly construed. See Hanley v. Kajak, 661 So.2d 1248, 1248-49 (Fla. 4th DCA 1995) (holding that mechanics lien law as a creature of statute to be strictly construed).[2] It should be applied as written, and not modified to reflect what the deciding authority thinks it should say. See City of Hollywood v. Lombardi, 770 So.2d 1196, 1200 (Fla.2000). As this court has observed, "[i]n a special statutory proceeding ... the trial court does not have the same discretion to bend time requirements that might be allowed under the rules of civil procedure." Dracon Constr., Inc. v. Facility Constr. Mgmt., Inc., 828 So.2d 1069, 1071 (Fla. 4th DCA 2002).
The requirement that the governmental entity issuing a development order alleged to be inconsistent with its comprehensive plan be placed on notice and offered an opportunity to review its action prior to being brought to court is not specious. The procedure offers the governmental entity the chance to assess its position, without the attendant financial *393 and political consequences of litigation. It permits an early resolution of the dispute, perhaps one without judicial intervention. See Thomas v. Suwannee County, 734 So.2d 492, 498 (Fla. 1st DCA 1999). It places the government on notice of the party's position and intent to pursue it. See Educ. Dev. Ctr., Inc. v. Palm Beach County, 751 So.2d 621, 623 (Fla. 4th DCA 1999).
Our courts have repeatedly affirmed that failure to comply with a statutory condition precedent, absent waiver or estoppel, requires dismissal. See Hosp. Corp. of Am. v. Lindberg, 571 So.2d 446, 449 (Fla.1990) ("We therefore hold that, in medical malpractice actions, if a presuit notice is served at the same time as a complaint is filed, the complaint is subject to dismissal with leave to amend."); Levine v. Dade County Sch. Bd., 442 So.2d 210, 212-13 (Fla.1983) (holding that complaint against school board was properly dismissed with prejudice where plaintiff failed to provide written notice to Department of Insurance required by section 768.28(6), and time for compliance expired); Mancini v. Personalized Air Conditioning & Heating, Inc., 702 So.2d 1376, 1377 (Fla. 4th DCA 1997) (finding that failure to provide notice under section 770.01 prior to commencing libel suit required dismissal). If there remains sufficient time to comply with the statutory precondition, the action should be dismissed with leave to amend.[3] If the time to comply with the precondition has expired, the action should be dismissed with prejudice.[4]
Coconut Creek argues that its failure should be excused under the holding of Thomas. There, the Suwannee County Zoning Board of Adjustments granted a special exception allowing construction of a migrant labor camp in an area zoned for agricultural use. Neighbors sued the county, contending the use was inconsistent *394 with the comprehensive plan. The neighbors filed the verified complaint with the county the same day they instituted suit. In reversing the trial court's dismissal of the action with prejudice, the first district found that the proper remedy for the premature filing of the complaint was to abate the action. See 734 So.2d at 498. Further, since the county's thirty-day time to respond to the verified complaint had expired prior to hearing on the motion, the motion should have been denied.
Thomas is inapplicable. It dealt with the proper remedy where a legal action is prematurely taken, though the condition precedent has been met, and applied the general principle that if the mere passage of time will cure a defect, the action should be abated, not dismissed. See Williams v. State, 324 So.2d 74, 79 (Fla. 1975) (holding premature notice of appeal goes into limbo until order rendered, then matures); Pura v. State, 789 So.2d 436, 438-39 (Fla. 5th DCA 2001) (finding premature demand for discovery in criminal action revived on filing of information); Hattaway v. McMillian, 903 F.2d 1440 (11th Cir.1990) (affirming trial court's denial of defendant's motion for judgment notwithstanding the verdict where section 768.28(6) notice filed day before suit filed); Fitzgerald v. McDaniel, 833 F.2d 1516, 1519-20 (11th Cir.1987) (affirming trial court's denial of motion to dismiss based on filing of claim against governmental entity prior to expiration of six months from date of statutory notice or denial of claim). See generally Grip Dev., Inc. v. Coldwell Banker Residential Real Estate, Inc., 788 So.2d 262, 270-71 n. 8 (Fla. 4th DCA 2000) (Farmer, J., dissenting) ("Just as one recognizes a difference in consequences from being in line beforehand and getting there after the train has already left the station, so the law applies different consequences to filing or doing an act prematurely and filing or doing an act too late.").[5]
No complaint as contemplated by the statute was ever filed with Deerfield Beach. Service of process does not satisfy the statutory requirement. Campagnulo, 588 So.2d at 983 ("It is evident that the legislature intended to distinguish the furnishing of a prefiling notice from the filing of a complaint. To approve the district court's decision would require us to rewrite that statute and effectively eliminate the notice requirement as a condition precedent to maintaining this type of action."); Malunney v. Pearlstein, 539 So.2d 493, 495-96 (Fla. 2d DCA 1989) (filing of complaint does not satisfy statutory pre-suit notice). Deerfield Beach promptly served its motion to dismiss, raising the defect. While compliance with a statutory precondition may be excused by waiver or estoppel, neither is present here. See Ingersoll v. Hoffman, 589 So.2d 223, 224 (Fla.1991); Menendez v. N. Broward Hosp. Dist., 537 So.2d 89, 91 (Fla.1988); City of Pembroke Pines v. Atlas, 474 So.2d 237, 238 (Fla. 4th DCA 1985); Prestige Dev. Group, Inc. v. Russell, 612 So.2d 691, 692 (Fla. 1st DCA 1993).
In summary, Coconut Creek's consistency challenge fails because it exists solely as a creature of statute; Coconut Creek never complied with a statutory condition precedent; the time for complying with the condition has expired; and Coconut Creek's failure to comply was not based on *395 any action or inaction by Deerfield Beach, which timely raised the defect.
Finally, it is well-settled that traditional site plan review is a quasi-judicial act. See Park of Commerce Assocs. v. City of Delray Beach, 636 So.2d 12, 15 (Fla.1994). Consequently, review other than on a consistency challenge is limited to certiorari, and the trial court properly dismissed counts II and III. See id.; Educ. Dev. Ctr., Inc. v. Palm Beach County, 721 So.2d 1240, 1241 (Fla. 4th DCA 1998); Keller v. Town of Palm Beach, 707 So.2d 429, 429-30 (Fla. 4th DCA 1998); Grace v. Town of Palm Beach, 656 So.2d 945, 945-46 (Fla. 4th DCA 1995).[6] However, since these dismissals were not adjudications on the merits of the claims raised, they should have been designated as being without prejudice.[7]See Smith v. St. Vil, 714 So.2d 603 (Fla. 4th DCA 1998).
We affirm the trial court's dismissal of Coconut Creeks' amended complaint with prejudice, but reverse solely for the dismissals as to counts II and III to be redesignated as being without prejudice.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] The statute was substantially rewritten in 2002 to eliminate the requirement that a verified complaint be filed with the local government and to require suit to be filed within thirty days of an order's becoming final. See Ch.2002-296, § 10, Laws of Fla.
[2] Since the statute has a remedial purpose, its verification requirement should be liberally construed. See Edgewater, 833 So.2d at 220; Educ. Dev. Ctr., Inc. v. Palm Beach County, 751 So.2d 621, 623 (Fla. 4th DCA 1999) (finding that complaint filed with governmental entity sufficient if it is verified by one affected party, but places entity on notice of all parties involved and the basis for their claim).
[3] See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1022-23 (Fla.1979) (stating that failure to allege compliance with notice to Department of Insurance under section 768.28(6) required action be dismissed with leave to amend); Citron v. Shell, 689 So.2d 1288, 1291-92 (Fla. 4th DCA 1997), disapproved on other grounds by Cohen v. Dauphinee, 739 So.2d 68 (Fla.1999) (finding that claimant who failed to comply with condition precedent to medical malpractice action should be given opportunity to cure noncompliance within unexpired portion of limitations period).
[4] See Williams v. Campagnulo, 588 So.2d 982, 983 (Fla.1991) (holding that failure to timely file presuit notice in medical malpractice action as required by section 768.57 within limitations period required dismissal); Levine, 442 So.2d at 212-13 (finding complaint against governmental entity properly dismissed with prejudice where claimant failed to file section 768.28(6) notice to Department of Insurance and time for provision of notice had expired); Privas v. Brisson Custom Homes, Inc., 817 So.2d 983, 984-85 (Fla. 4th DCA 2002) (reversing judgment foreclosing lien where final contractor's affidavit not timely served on homeowner within statutory time limit); Bishop Signs, Inc. v. Magee, 494 So.2d 532, 533-34 (Fla. 4th DCA 1986) (upholding dismissal with prejudice where contractor failed to deliver final contractor's affidavit five days prior to suit); Veal v. Escambia County, 773 So.2d 625, 625-26 (Fla. 1st DCA 2000) (finding a failure to comply with section 163.3213(3), which required substantially affected person seeking to challenge consistency of land development regulation with comprehensive plan to file petition with local government outlining facts on which petition is based and reason regulation believed inconsistent prior to filing suit, justified dismissal); Furnans v. Santa Rosa Island Auth., 315 So.2d 481, 482 (Fla. 1st DCA 1975) (finding a failure to comply with section 403.412(2)(c), which required plaintiff to file verified complaint with governmental agency charged with regulating environmental act, setting forth facts on which based and manner complaining party has been affected, prior to instituting claim under Environmental Protection Act of 1971 required dismissal with prejudice).
[5] The Thomas court recognized the principle at issue in this case. "If the objecting neighbors had failed to file a verified complaint with Suwannee County within thirty days, the statute would have barred their claim of inconsistency with the comprehensive plan." 734 So.2d at 496 n. 6.
[6] Coconut Creek has sought review of its due process challenges under a companion Petition for Writ of Certiorari. Consequently, we have not recast counts II and III to seek that relief. See Fla. Rule App. P. 9.040(c).
[7] The trial court properly dismissed count I with prejudice, since Coconut Creek is unable to state a claim that the site plan approval is inconsistent with a comprehensive plan, but we note that there has been no adjudication on the merits concerning consistency. Further, we make no comment on Coconut Creek's right to challenge the consistency of any future development order with the controlling comprehensive plan.