Ciklin, C.J.
This appeal arises out of a business dispute involving a limited liability company. The appellants, the plaintiffs below, appeal the dismissal of their derivative counts brought on behalf of the company, and the claims for breach of contract, civil conspiracy, and unjust enrichment. Because counts IX and XII are interrelated with counts of the complaint still pending below, we dismiss that portion of the appeal relating to those counts. See Mendez v. W. Flagler Family Ass’n, Inc., 303 So.2d 1, 5 (Fla. 1974). However, we take jurisdiction of the remainder of the appeal, which involves the derivative claims and the claim for unjust enrichment, as the dismissal of these causes of action disposed of the entire case as to McKane Family Limited Partnership (“McKane LP”) in its derivative capacity, and as to defendant Jody Robbins, respectively. See Fla. R. Civ. P. 9.110(k). Having taken jurisdiction of these claims, we reverse the dismissal that was entered with prejudice and remand for further proceedings.
We first provide a brief summary of the general allegations contained in the plaintiffs’ complaint. The plaintiffs alleged the following: David McKane was the general partner of McKane LP, and Peter G. Robbins was the general partner of Sacajawea Family Limited Partnership (“Sacajawea LP”). Each of these businesses held a fifty-percent ownership interest in Riverland and Indian Sun, L.C. (“Riverland”). In a scheme to oust McKane, Robbins and the owner of Prager & Co., LLC convinced McKane to execute loan documents with Prager Management Co., LLC (“Lender”). Riverland entered into a loan agreement with Lender, and McKane LP and Lender entered into a Pledge and Security Agreement, which provided that McKane LP put up its membership interest in Riverland as one-half collateral for the loan. McKane executed a Limited Guaranty with Lender, in which he personally guaranteed one-half of the loan. Pursuant to the agreements, Lender was to provide $3 million to River-land to be used solely for capital expenditures, general working capital, and for payment of a specified fee to Lender. The loan proceeds were transferred into River-land’s account, which Sacajawea LP and Robbins had been entrusted by the plaintiffs to handle and control.
For the unjust enrichment claim brought against Sacajawea LP, Robbins, and Robbins’ wife, the plaintiffs essentially alleged that the defendants looted River-land’s account and put the loan proceeds to personal use. The trial court found the claim belonged to Riverland—not to the plaintiffs—and dismissed with prejudice for failure to state a cause of action.
The standard of review of an order dismissing for failure to state a cause of action is de novo. Atkins v. Topp Telecom, Inc., 873 So.2d 397, 398 (Fla. 4th DCA 2004). We do not disagree with the trial court that the claim was Riverland’s to bring. The plaintiffs did not sufficiently allege that they conferred a benefit upon the defendants. See Fito v. Attorneys’ Title Ins. Fund, Inc., 83 So.3d 755, 758 (Fla. 3d DCA 2011) (finding that plaintiff did not establish that it conferred a benefit on the defendants where the evidence did not establish that the funds that were wrongfully *120 transferred into appellants’ accounts belonged to the plaintiff).
However, the dismissal should have been without prejudice, as it appears the claim could be brought on Riverland’s behalf, and the cause of action had only been dismissed once before this dismissal, and on different grounds. See Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 495 (Fla. 4th DCA 2001) (“If a complaint does not state a cause of action, the opportunity to amend a complaint should be liberally given, unless it is apparent the pleading cannot be amended to state a cause of action.”).
We turn now to the dismissal of- the derivative claims. The plaintiffs filed suit in December 2012. The allegations of the complaint left it less than clear whether derivative claims were brought, but the defendants moved to dismiss such counts if they were in fact pled, arguing that the plaintiffs failed to comply with the pre-suit demand requirement of section 608.601, Florida Statutes (2012), a since repealed statute which governed derivative actions brought by members of limited liability companies.
Before the motion to dismiss was heard, the plaintiffs amended their complaint, alleging that they made a demand by letter dated December 19, 2013. The defendants moved to dismiss, arguing that the letter did not constitute a demand, as it was sent after suit was filed.
After a hearing, the trial court dismissed the derivative counts without prejudice thereby permitting the plaintiffs to amend and allege compliance with the demand requirement. The trial court found that the post-complaint letter could not satisfy the pre-suit demand requirement.
In 2015, the plaintiffs filed an amended complaint. This time, they alleged that they made a demand by two letters dated October 31, 2012. They also re-alleged that the December 19, 2013 letter constituted a sufficient demand. In granting the defendants’ motion to dismiss, the trial court found that the October 2012 letters did not constitute a demand, and again found that the December 2013 letter could not satisfy the pre-suit demand requirement as it was sent after suit was filed.
Section 608.601, in effect when suit was brought in 2012 and, as previously noted, since repealed, provided as follows in pertinent part:
A complaint in a proceeding brought in the right of a limited liability company must ... allege with particularity the demand made to obtain action by the managing members of a member-managed company or the managers of a manager-managed company and that the demand was refused or ignored. If the limited liability company commences an investigation of the charges made in the demand or complaint, the court may still stay any proceeding until the investigation is completed.
§ 608.601(2), Fla. Stat. (2012).
We agree with the trial court that the October 2012 letters did not satisfy the demand requirement. The letters do not contain a request that Riverland take some action related to the allegations in the lawsuit.
However, the trial court did not consider whether the December 2013 letter constituted a sufficient demand, because, the trial court reasoned, it was sent after suit was filed.
We have found no case law regarding whether a pre-suit demand requirement under section 608.601 can be cured after suit is filed. Foreign courts have come to different conclusions on this issue in cases involving similar pre-suit demand requirements.
*121 In Grossman v. Johnson, 674 F.2d 115, 125 (1st Cir. 1982), for example, the court rejected the claim that a failure to allege the pre-suit demand required by a rule of civil procedure could be cured after suit was filed, reasoning that the rule does not provide for a post-suit demand, and observing that the purpose of the demand requirement is “to alert the director before suit is instituted” so that the directors have “the opportunity to occupy their normal status.” See also Shlensky v. Dorsey, 574 F.2d 131, 141-42 (3d Cir. 1978) (rejecting plaintiffs argument that trial court should have permitted it to amend or supplement the complaint to include additional demand letters written after suit was filed, and reasoning that “such a demand would not have afforded the directors the opportunity to make the judgment in the first instance whether and in what manner action should be taken”). However, in a case involving the pre-suit notice requirement of section 607.07401(2), Florida Statutes, which governs shareholder derivative suits, a court dismissed the plaintiffs complaint without prejudice to the plaintiff to “petition the Court to reopen the case after he makes a demand upon Uniquest Corporation’s board of directors if they refuse to properly investigate his allegations.” Frutchey ex rel. Uniquest Corp. v. Johnson, No. C98-3899, 1999 WL 33911107, at *1 (N.D. Cal. Jan. 5, 1999).
The pre-suit demand requirement here is akin to a condition precedent, although it is framed as a pleading requirement. “Our courts have repeatedly affirmed that failure to comply with a statutory condition precedent, absent waiver or estoppel, requires dismissal.” City of Coconut Creek v. City of Deerfield Beach, 840 So.2d 389, 393 (Fla. 4th DCA 2003). Such a lapse, however, is not ultimately fatal, and the plaintiff may amend its complaint. See Hosp. Corp. of Am. v. Lindberg, 571 So.2d 446, 449 (Fla. 1990) (holding that “in medical malpractice actions, if a presuit notice is served at the same time as a complaint is filed, the complaint is subject to dismissal with leave to amend”); Coconut Creek, 840 So.2d at 393 (recognizing that if a complaint is dismissed for failure to comply with a statutory condition precedent, the dismissal should be with leave to amend if the statute of limitations has not run). We find that, likewise, a party’s failure to comply with a statute’s pleading requirement that a pre-suit demand was made is not necessarily fatal and that the demand may be made post-suit and alleged in an amended complaint.
Based on the foregoing, we reverse the trial court’s dismissal with prejudice of the unjust enrichment claim and the derivative claims. On remand, the plaintiffs shall be given leave to amend the complaint to state a cause of action for unjust enrichment, and the trial court should determine whether the December 2013 letter constitutes a sufficient demand. If it finds that it does not, the trial court may dismiss with prejudice only if it is able to find that “the privilege to amend has been abused, or it is clear that the pleading cannot be amended to state a cause of action.” See Gamma Dev. Corp. v. Steinberg, 621 So.2d 718, 719 (Fla. 4th DCA 1993).

Dismissed in part, reversed in part, and remanded for further proceedings.

Taylor, J., and Lee, Robert W., Associate Judge, concur.