DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellant,

v.

**PARVIN NOWROOZPOUR** and **PARVIZ NOWROOZPOUR,**
Appellees.

No. 4D18-2810

[August 7, 2019]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. CACE18-005826.

Mark D. Tinker and David C. Borucke of Cole, Scott & Kissane, P.A., Tampa, Kathryn L. Ender of Cole, Scott & Kissane, P.A., Miami, and Brett R. Frankel and Jonathan M. Sabghir of People's Trust Insurance Company, Deerfield Beach, for appellant.

John W. McLuskey, John E. Hughes and Lisa A. Riddle of McLuskey, McDonald & Hughes, P.A., Miami, for appellees.

PER CURIAM.

People's Trust Insurance Company ("People's Trust" or "Insurer") appeals an order dismissing with prejudice its counterclaim for temporary mandatory injunctive relief or specific performance in which it sought to enforce provisions of its policy for appraisal and repair after loss. We reverse the trial court's order to the extent that it dismissed with prejudice Insurer's claim to enforce the provisions of the contract.

People's Trust insured the appellee homeowners under a policy in which People's Trust retained the option to repair any covered damaged to the homeowners' property. If there was a dispute over the scope of damages, the policy provided that either party could compel an appraisal.

Homeowners sustained damage to their home during Hurricane Irma in September 2017. Insurer's field adjuster prepared an estimate of repairs of only $781. Insurer sent an acknowledgment of loss to

homeowners and elected its option to repair. However, since the adjuster's estimate of repairs was less than homeowners' deductible, the claim was non-compensable, absent a dispute over the scope of repairs. People's Trust also advised homeowners of the appraisal rights under the policy.

After receiving the homeowners' sworn proof of loss of $105,596, People's Trust acknowledged that a dispute existed over the scope of repairs and demanded an appraisal. It identified its appraiser and requested that homeowners select their appraiser. Instead, homeowners filed suit for breach of contract.

People's Trust filed an answer, affirmative defenses, and a counterclaim. In the first count of the counterclaim, it requested a temporary mandatory injunction, or alternatively, specific performance, to enforce its right to an appraisal and right of repair. The second count of the counterclaim claimed a breach of contract by the insureds, and the third count requested declaratory relief. The homeowners moved to dismiss the first count of the counterclaim, contending that it failed to state a cause of action because it did not allege irreparable harm and there was an adequate remedy at law. After the hearing, the court dismissed count one and count two of the counterclaim with prejudice, prompting this appeal. Because count one sought an injunction and an appraisal, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B) and 9.130(a)(3)(C)(iv).

We review de novo a trial court's order dismissing a claim for failure to state a cause of action. *McKane Family Ltd. P'ship v. Sacajawea Family Ltd. P'ship*, 211 So. 3d 117, 119 (Fla. 4th DCA 2017). We agree that to the extent the counterclaim sought an injunction, the harm alleged was not the type of irreparable harm sufficient to support the issuance of an injunction, as there was an adequate remedy at law through monetary compensation. *See Bautista REO U.S., LLC v. ARR Inv., Inc.*, 229 So. 3d 362, 364 (Fla. 4th DCA 2017). However, the counterclaim also alleged the essential elements of a claim for specific performance of the policy obligations, including its right to compel an appraisal in accordance with the policy terms. In *People's Trust Insurance Co. v. Tracey*, 251 So. 3d 931 (Fla. 4th DCA 2018), we considered the same repair and appraisal conditions and held under nearly identical facts that the insurer was entitled to compel an appraisal. After a homeowner has filed suit, it may be more traditional for an insurer to move to compel an appraisal to seek enforcement of the policy provisions; however, this does not preclude an insurer from filing a counterclaim alleging that the insurer is entitled to enforce the provisions of the insurance contract through specific performance.

2

The homeowners cite *People's Trust Insurance Co. v. Acosta*, 259 So. 3d 179, 180 (Fla. 3d DCA 2018), as authority for the trial court's dismissal of the action.   In *Acosta*, the insurer filed a complaint for temporary injunction and specific performance to compel the insureds to comply with the policy provisions for repair.   The trial court denied the motion for temporary injunction, and the appellate court affirmed, reasoning that the insurer could move to abate a separate complaint which the insureds filed until the insureds complied with the policy provisions, or monetary damages would protect the insurer.   However, in that case, the trial court dismissed the complaint without prejudice, and the parties did not raise the enforcement of the appraisal clause in that proceeding, as the insurer did in this case.

We affirm the order dismissing the request for temporary injunction, as the counterclaim on its face did not allege an irreparable injury.[1]   To the extent that the counterclaim sought specific performance of the right to an appraisal and repair provisions of the policy, the court erred in dismissing the counterclaim with prejudice.   We therefore reverse and remand for reinstatement of count one of the counterclaim for specific performance.

*Reversed and remanded.*

LEVINE, C.J., WARNER and DAMOORGIAN, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] People's Trust did not request to amend its complaint in this respect.

3